1    Michael P. Lehmann (77152; mplehmann@furth.com)
     Thomas P. Dove (51921; tdove@furth.com)                    **ORIGINAL**
2    Christopher L. Lebsock (184546; clebsock@furth.com)        **F I L E D**
     Jon T. King (205073; king@furth.com)
3    FURTH LEHMANN & GRANT LLP                                   JAN - 5 2007
     225 Bush Street, 15th Floor
4    San Francisco, CA 94104-4249
     Telephone:     (415) 433-2070                              RICHARD W. WIEKING
5    Fax Number: (415) 982-2076                             CLERK, U.S. DISTRICT COURT
                                                          NORTHERN DISTRICT OF CALIFORNIA
6    Attorneys for Plaintiff and the Putative Class
     (Additional Attorneys Listed on Signature Page)
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10   TRONG NGUYEN, on behalf of himself and   Case No.  **C07   0086**
     all others similarly situated,
11                                          )
                                            )  **CLASS ACTION COMPLAINT**
                   Plaintiff,               )
12                                          )  **JURY TRIAL DEMANDED**
            v.                              )
13                                          )
                                            )
14   SAMSUNG ELECTRONICS CO., LTD.;         )
     SAMSUNG SEMICONDUCTOR, INC.;           )
15   HYNIX SEMICONDUCTOR, INC.; HYNIX       )
     SEMICONDUCTOR AMERICA, INC.;           )
16   MICRON TECHNOLOGY, INC.; MICRON        )
     SEMICONDUCTOR PRODUCTS, INC.;          )
17   LEXAR MEDIA, INC.; RENESAS             )
     TECHNOLOGY CORPORATION;                )
18   RENESAS TECHNOLOGY AMERICA,            )
     INC.; TOSHIBA CORPORATION;             )
19   TOSHIBA AMERICA CORPORATION;           )
     TOSHIBA AMERICA ELECTRONIC             )
20   COMPONENTS, INC.; HITACHI, LTD.;       )
     HITACHI AMERICA, LTD.; HITACHI         )
21   ELECTRONIC DEVICES (USA), INC.;        )
     MITSUBISHI ELECTRIC CORP.;             )
22   MITSUBISHI ELECTRIC AND                )
     ELECTRONICS U.S.A., INC.; MOSEL        )
23   VITELIC CORPORATION; MOSEL             )
     VITELIC CORPORATION (USA);             )
24   WINDBOND ELECTRONICS                   )
     CORPORATION; and WINDBOND              )
25   ELECTRONICS CORPORATION                )
     AMERICA, INC.;                         )
26                                          )
                   Defendants.              )
27                                          )

28

     74441.3

     CLASS ACTION COMPLAINT

1        Plaintiff, by his attorneys, brings this civil action for damages and injunctive

2   relief on behalf of himself and all others similarly situated against the above-named Defendants,

3   and demanding a trial by jury, complains and alleges as follows:

4                            **JURISDICTION AND VENUE**

5        1.        This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C.

6   §26, to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, to

7   recover damages under state antitrust and consumer protection laws, and to recover the costs of

8   suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly

9   situated sustained as a result of the Defendants' violations of those laws.

10       2.        The Court has jurisdiction over the federal claim under 28 U.S.C.

11  §§1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C. §1367

12  because those claims are so related to the federal claim that they form part of the same case or

13  controversy.  The Court also has jurisdiction over the state law claims under 28 U.S.C. §1332

14  because the amount in controversy for the Class exceeds $5,000,000, and there are members of

15  the Class who are citizens of a different state than the defendants.

16       3.        Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.

17  §1391 because defendants reside, transact business, or are found within this District, and a

18  substantial part of the events giving rise to the claims arose in this District.

19       4.        The activities of the Defendants and their co-conspirators, as described

20  herein, were within the flow of, were intended to, and did have a substantial effect on the

21  foreign and interstate commerce of the United States.

22                                  **DEFINITIONS**

23       5.        As used herein, the term Flash Memory ("Flash Memory") means

24  NAND Flash Memory sold during the class period.

25       6.        As used herein, the term "Class Period" means the time period

26  January 1, 1999 through the present.

27

28

74441.3                                    -2-

CLASS ACTION COMPLAINT

1                                        **THE PARTIES**

2    **A.      The Plaintiff**

3              7.      Plaintiff Trong Nguyen, a former California resident, indirectly

4    purchased Flash Memory from one or more of the Defendants during the Class Period, for end

5    use and not for resale, and was injured as a result of Defendants' illegal conduct.

6    **B.      The Defendants**

7              8.      Defendant Samsung Electronics Co. Ltd. is a business entity organized

8    under the laws of South Korea, with its principal place of business at Samsung Main Building

9    250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea.  During the time period covered by this

10   Complaint, Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed Flash

11   Memory to customers throughout the United States.

12             9.      Defendant Samsung Semiconductor, Inc. is a wholly owned and

13   controlled subsidiary of defendant Samsung Electronics Co. Ltd. with its principal place of

14   business at 3655 North First Street, San Jose, California 95134.  During the time period

15   covered by this Complaint, Defendant Samsung Semiconductor, Inc. sold and distributed Flash

16   Memory to customers throughout the United States.  Samsung Electronics Co. Ltd., and

17   Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung".

18             10.     Defendant Hynix Semiconductor, Inc. is a business entity organized

19   under the laws of South Korea, with its principal place of business at SAN 136-1, Ami-Ri

20   Bubal-eub, Ichon-si, Kyongki-do, Korea.  During the time period covered by this Complaint,

21   Defendant Hynix Semiconductor, Inc. manufactured, sold and distributed Flash Memory to

22   customers throughout the United States.

23             11.     Defendant Hynix Semiconductor America, Inc. is a wholly owned and

24   controlled subsidiary of defendant Hynix Semiconductor, Inc. with its principal place of

25   business at 3101 North First Street, San Jose, California 95134.  During the time period

26   covered by this Complaint, Defendant Hynix Semiconductor America, Inc. sold and distributed

27   Flash Memory to customers throughout the United States.  Hynix Semiconductor, Inc. and

28   Hynix Semiconductor America, Inc. are referred to collectively herein as "Hynix".

CLASS ACTION COMPLAINT

1          12.     Defendant Micron Technology, Inc. is a Delaware Corporation with its

2     principal place of business at 8000 South Federal Way, Boise, Idaho.  During the time period

3     covered by this Complaint, Defendant Micron Technology, Inc. manufactured, sold and

4     distributed Flash Memory throughout the United States.

5          13.     Defendant Micron Semiconductor Products, Inc. is a wholly owned and

6     controlled subsidiary of defendant Micron Technology, Inc. with its principal place of business

7     at 8000 South Federal Way, Boise, Idaho 83716.  During the time period covered by this

8     Complaint, Defendant Micron Semiconductor Products, Inc. sold and distributed Flash Memory

9     to customers throughout the United States.

10         14.     Lexar Media, Inc. was acquired by Micron Technology, Inc. in or about

11     June 2006.  Lexar Media, Inc. has its principal place of business at 47300 Bayside Parkway,

12     Fremont, California 94538.  During the time period covered by this Complaint, Defendant

13     Lexar Media, Inc. sold and distributed Flash Memory to customers throughout the United

14     States.  Lexar Media, Inc., Micron Technology, Inc., and Micron Semiconductor Products,

15     Inc. are referred to collectively herein as "Micron".

16         15.     Defendant Renesas Technology Corporation is a business entity organized

17     under the laws of Japan with its principal place of business at Marunouchi Building, 4-1,

18     Marunouchi 2-chome, Chiyoda-ku Tokyo 100-6334, Japan.  Renasas Technology Corporation

19     was established on or about April 1, 2003 as a joint venture of Hitachi and Mitsubishi.  During

20     the time period covered by this Complaint, Defendant Resesas Technology Corporation sold

21     and distributed Flash Memory to customers throughout the United States.

22         16.     Defendant Renesas Technology America, Inc. is a wholly owned and

23     controlled subsidiary of Renesas Technology Corporation with its principal place of business at

24     450 Holger Way, San Jose, California, 95134-1368.  During the time period covered by this

25     Complaint, Defendant Renesas Technology America, Inc. sold and distributed Flash Memory to

26     customers throughout the United States.  Defendants Renesas Technology Corporation and

27     Renesas Technology America, Inc. are referred to collectively herein as "Renesas".

28

CLASS ACTION COMPLAINT

17.     Defendant Toshiba America Corporation is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York, 10020.  During the time period covered by this Complaint, Defendant Toshiba America Corporation manufactured, sold and distributed Flash Memory to customers throughout the United States.

18.     Defendant Toshiba America Electronic Components, Inc. is a wholly owned and controlled subsidiary of Toshiba Corporation with its principal place of business located at 19900 MacArthur Boulevard Suite 400, Irvine, California 92612.  During the time covered by this Complaint, Defendant Toshiba America Electronic Components, Inc. sold and distributed Flash Memory to customers throughout the United States.  Toshiba Corporation, Toshiba America Corporation, and Toshiba America Electronic Components, Inc. are referred to collectively herein as "Toshiba".

19.     Defendant Hitachi Ltd. is a business entity organized under the laws of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku,Tokyo,100-8220, Japan.  During the Class Period, Hitachi Ltd. sold and distributed Flash Memory to customers throughout the United States.

20.     Defendant Hitachi America Ltd. is a wholly owned and controlled subsidiary of defendant Hitachi Ltd.  Hitachi America Ltd. is a business entity organized under the laws of New York, with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591.  During the Class Period, Hitachi America Ltd. sold and distributed Flash Memory to customers throughout the United States.

21.     Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned and controlled subsidiary of Defendant Hitachi Ltd., and is a business entity with its principal place of business located at 575 Mauldin Road, Greenville, South Carolina 29607.  During the Class Period, Hitachi Electronic Devices (USA), Inc. sold and distributed Flash Memory to customers throughout the United States.  Defendants Hitachi Ltd., Hitachi America Ltd. and Hitachi Electronic Devices (USA), Inc. are referred to collectively herein as "Hitachi."

CLASS ACTION COMPLAINT

1          22.    Defendant Mitsubishi Electric Corporation is a business entity organized

2 under the laws of Japan, with its principal place of business located at Tokyo Building 2-7-3,

3 Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. During the time covered by this Complaint,

4 Defendant Mitsubishi Electric Corporation sold and distributed Flash Memory to customers

5 throughout the United States.

6          23.    Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly

7 owned and controlled subsidiary of Mitsubishi Electric Corporation. Defendant Mitsubishi

8 Electric & Electronics USA, Inc. is a business entity organized under the laws of Delaware,

9 with its principal place of business located at 500 Corporate Woods Parkway, Vernon Hills,

10 Illinois 60061. During the time covered by this Complaint, Defendant Mitsubishi Electric &

11 Electronics USA, Inc. sold and distributed Flash Memory to customers throughout the United

12 States. Mitsubishi Electric Corporation and Mitsubishi Electric & Electronics USA, Inc. are

13 referred to collectively herein as "Mitsubishi".

14          24.    Defendant Mosel-Vitelic Corporation maintains its headquarters at No. 19

15 Li Hsin Road, Hsinchu Science Based Industrial Park, Hsinchu, Taiwan. During the time

16 covered by this Complaint, Defendant Mosel-Vitelic Corporation sold and distributed Flash

17 Memory to customers throughout the United States.

18          25.    Defendant Mosel-Vitelic Corporation (USA) is a wholly owned and

19 controlled subsidiary of Mosel-Vitelic Corporation. Defendant Mosel-Vitelic Corporation

20 (USA) is a California corporation, with its principal place of business located at 3910 North

21 First Street, San Jose, California 95134. During the time covered by this Complaint,

22 Defendant Mosel-Vitelic Corporation (USA) sold and distributed Flash Memory to customers

23 throughout the United States. Mosel-Vitelic Corporation and Mosel-Vitelic Corporation (USA)

24 are referred to collectively herein as "Mosel-Vitelic".

25          26.    Defendant Winbond Electronics Corporation maintains its headquarters at

26 4, Creation Road, 111, Science Based Industrial Park, Hsinchu, Taiwan. During the time

27 covered by this Complaint, Defendant Winbond Electronics Corporation sold and distributed

28 Flash Memory to customers throughout the United States.

74441.3

CLASS ACTION COMPLAINT

27.    Defendant Winbond Electronics Corporation America is a wholly owned and controlled subsidiary of Winbond Electronics Corporation.  During the time covered by this Complaint, Defendant Winbond Electronics Corporation America sold and distributed Flash Memory to customers throughout the United States.  Winbond Electronics Corporation and Winbond Electronics Corporation America are referred to collectively herein as "Winbond".

**C.    Co-Conspirators**

28.    Various others, presently unknown to Plaintiff, participated as co-conspirators with the Defendants in the violations of law alleged in this Complaint and have engaged in conduct and made statements in furtherance thereof.

29.    The acts charged in this Complaint have been done by Defendants and their co-conspirators, or were authorized, ordered or done by their respective officers, agents, employees or representatives while actively engaged in the management of each Defendant's business or affairs.

30.    Each of the Defendants named herein acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein.  Each Defendant which is a subsidiary of a foreign parent acts as the sole United States agent for Flash Memory made by its parent company.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class ("the Class") composed of and defined as follows:

> All persons and entities residing in the United States who, from January 1, 1999 through the present, purchased Flash Memory in the United States indirectly from the Defendants for their own use and not for resale.  Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

CLASS ACTION COMPLAINT

1    32.    This action has been brought and may be properly maintained as a class

2  action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

3    a.    The Class is ascertainable and there is a well-defined community of

4          interest among the members of the Class;

5    b.    Based upon the nature of the trade and commerce involved and the

6          number of indirect purchasers of Flash Memory, Plaintiff believes that

7          the members of the Class number in the thousands, and therefore is

8          sufficiently numerous that joinder of all Class members is not practicable;

9    c.    Plaintiff's claims are typical of the claims of the members of the Class

10         because Plaintiff indirectly purchased Flash Memory from one or more of

11         the Defendants or their co-conspirators, and therefore Plaintiff's claims

12         arise from the same common course of conduct giving rise to the claims

13         of the members of the Class and the relief sought is common to the Class;

14   d.    The following common questions of law or fact, among others, exist as to

15         the members of the Class:

16         i.    whether Defendants formed and operated a combination or

17               conspiracy to fix, raise, maintain or stabilize the prices of, or

18               allocate the market for, Flash Memory;

19         ii.   whether the combination or conspiracy caused Flash Memory

20               prices to be higher than they would have been in the absence of

21               Defendants' conduct;

22         iii.  the operative time period of Defendants' combination or

23               conspiracy;

24         iv.   whether Defendants' conduct caused injury to the business or

25               property of Plaintiff and the members of the Class;

26         v.    the appropriate measure of the amount of damages suffered by the

27               Class;

28

74441.3                                    -8-

CLASS ACTION COMPLAINT

1        vi.    whether Defendants' conduct violates Section 1 of the Sherman

2              Act;

3        vii.   whether Defendants' conduct violates Sections 16720 and 17200

4              of the California Business and Professions Code;

5        viii.  whether Defendants' conduct violates the antitrust, unfair

6              competition, and consumer protection laws of the other states as

7              alleged below; and

8        ix.    the appropriate nature of class-wide equitable relief.

9    e.   These and other questions of law or fact which are common to the

10      members of the Class predominate over any questions affecting only

11      individual members of the Class;

12    f.   After determination of the predominate common issues identified above,

13      if necessary or appropriate, the Class can be divided into logical and

14      manageable subclasses;

15    g.   Plaintiff will fairly and adequately protect the interests of the Class in that

16      Plaintiff has no interests that are antagonistic to other members of the

17      Class and has retained counsel competent and experienced in the

18      prosecution of class actions and antitrust litigation to represent himself

19      and the Class;

20    h.   A class action is superior to other available methods for the fair and

21      efficient adjudication of this litigation since individual joinder of all

22      damaged Class members is impractical.  The damages suffered by

23      individual Class members are relatively small, given the expense and

24      burden of individual prosecution of the claims asserted in this litigation.

25      Thus, absent the availability of class action procedures, it would not be

26      feasible for Class members to redress the wrongs done to them.  Even if

27      the Class members could afford individual litigation, the court system

28      could not.  Further, individual litigation presents the potential for

CLASS ACTION COMPLAINT

1    inconsistent or contradictory judgments and would greatly magnify the

2    delay and expense to all parties and to the court system. Therefore, the

3    class action device presents far fewer case management difficulties and

4    will provide the benefits of unitary adjudication, economy of scale and

5    comprehensive supervision by a single court;

6    i.    Defendants have acted, and refused to act, on grounds generally

7          applicable to the Class, thereby making appropriate final injunctive relief

8          with respect to the Class as a whole; and

9    j.    In the absence of a class action, Defendants would be unjustly enriched

10         because they would be able to retain the benefits and fruits of their

11         wrongful conduct.

12    33.    The Claims in this case are also properly certifiable under the laws of the

13    State of California, and of the other individual states identified below in the Fourth and Fifth

14    Claims for Relief.

### NATURE OF TRADE AND COMMERCE

16    34.    Flash Memory is a type of integrated circuit that can be electrically

17    erased and reprogrammed. Flash Memory is non-volatile meaning that it does not need

18    continuous power to maintain the information stored or the chip. Flash Memory is used in a

19    variety of applications, including memory cards, USB storage devices, digital audio devices,

20    mobile wireless technology, game consoles and personal computers. As used herein, the term

21    "Flash Memory" means NAND flash memory sold during the Class Period. For purposes of

22    this Complaint, Flash Memory excludes all types of static random access memory ("SRAM")

23    or dynamic random access memory ("DRAM") sold during the Class Period.

24    35.    Flash Memory is distinct from SRAM and DRAM because it does not

25    need continuous power in order to store data. As a result, flash memory has a broader

26    application, particularly with respect to memory cards, storage devices and portable electronic

27    products.

28

CLASS ACTION COMPLAINT

36.     Throughout the period of time covered by this Complaint, Defendants and their co-conspirators engaged in the business of marketing and selling Flash Memory throughout the United States.  During each year of the Class Period, total sales of Flash Memory were in the billions of dollars.

37.     The market for the manufacture and sale of Flash Memory is conducive to the type of collusive activity alleged here.  That market is oligopolistic in nature.  Samsung is the clear market leader.  According to the 2006 "Memory Market Backgrounder" available at its website, the shares of the leading Flash Memory manufacturers in 2005 were as follows:

| | |
|---|---|
| Samsung | 52.9% |
| Toshiba | 21.9% |
| Hynix | 12.7% |
| Renesas | 6.8% |
| Micron | 2.2% |

38.     These five entities control over 96.5% of the Flash Memory market.

39.     The market for the manufacture and sale of Flash Memory is subject to high manufacturing and technological barriers to entry.  Efficient fabrication plants are large and costly.  Flash Memory is also subject to technological advances, so that firms within the industry must undertake significant research and development expenses.

40.     Further, Flash Memory is a homogenous product sold by Defendants and purchased by Plaintiff and members of the class primarily on the basis of price.

41.     Manufacturers of electronic products and devices, and resellers of Flash Memory modules purchase Flash Memory directly or indirectly from the Defendants.  These electronic products and devices and Flash Memory modules are then sold, directly or indirectly, to consumers.

42.     California is the largest market in the world for Flash Memory and is the world wide center of the high technology industry and other industries that depend upon Flash Memory.  Statements concerning the prices and market conditions for Flash Memory were disseminated by Defendants from and into California on a regular and continuous basis.

## DEFENDANTS' ILLEGAL CONDUCT

43.    On information and belief, in October 2006, the Antitrust Division of the United States Department of Justice ("DOJ") sent out subpoenas to 23 companies in connection with an investigation of cartel activity in the SRAM industry from approximately 1998 through at least 2005. Those companies include: Samsung, Hynix, Micron, Renesas and Toshiba. A DOJ spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is conducting an investigation regarding anti-competitive practices against chief SRAM manufacturers." Several of these companies being investigated—Hynix and Samsung—have already pled guilty to price-fixing in the DRAM industry and have paid substantial fines to the DOJ for those unlawful activities ($300 million for Samsung and $185 million for Hynix). Elpida Memory, Inc., a DRAM manufacturer created in part by Hitachi, one of the Defendants here, was fined $84 million. Micron, another major Flash Memory manufacturer, was the amnesty applicant in the DRAM price-fixing investigation.

44.    On March 20, 2006, Hynix warned investors that the prices of NAND flash memory could fall as much as 50% for the year. The very next day, Samsung reassured the market that prices would recover and stabilize. As of August 2006, prices reportedly stabilized, in part, as a result of reduced stocks from manufacturers. "Apple to spur NAND Flash Market, firm says," *Electronic News*, August 9, 2006.

45.    One commentator noted the pervasiveness of cartel activity among the Defendants and others within the overall semiconductor industry: "'If the DOJ wanted to, it could just go down every line in the semiconductor industry and find the same issue,' said Gartner Inc. analyst Richard Gordon. 'That's because there are a relatively few number of suppliers in the chip industry and an open flow of communication between competitors and customers, who may not define price fixing the same way the DOJ does,' he said." (<http://www.computerworld.com/action/article.do?command=viewArticleBasic&taxonomyName=government&articleId=900556&taxonomyId=13&intsrc=kc_top>).

CLASS ACTION COMPLAINT

46.     Third-party information sources, such as DRAMeXchange (found at <http://www.dramexchange.com>), allow Defendants to contemporaneously track each other's Flash Memory prices.

47.     Collusive behavior within the highly concentrated Flash Memory market is facilitated by membership of Defendants in the numerous trade organizations within the industry.  All of the Defendants are members of the Joint Electron Device Engineering Council ("JEDEC") Solid State Technology Association, a standard-setting group for solid-state technologies, such as Flash Memory.  Hynix and Micron are among the founding members of the Open NAND Flash Interface ("ONFI") group, whose purpose is to meet and discuss standards and production of NAND Flash products.  The ONFI group has also been in talks with Samsung with the aim of having Samsung join as a member.

48.     Defendants and their co-conspirators have engaged in a contract, combination, trust or conspiracy, the effect of which was to raise the prices at which they sold Flash Memory to artificially inflated levels.

49.     Defendants, through their officers, directors and employees, effectuated the aforesaid contract, combination, trust or conspiracy between themselves and their co-conspirators by, among other things:

a.      participating in meetings and conversations, including through various trade associations and committees, to discuss the prices of Flash Memory in the United States;

b.      agreeing, during those meetings and conversations, to charge prices at specified levels and otherwise to increase and maintain prices of Flash Memory sold in the United States;

c.      issuing price announcements and quotations in accordance with the agreements reached; and

d.      selling Flash Memory to various customers in the United States at non-competitive prices.

74441.3                                    -13-

CLASS ACTION COMPLAINT

50.     Defendants' contract, combination, trust or conspiracy was centered in, carried out, effectuated and perfected mainly in the State of California.  Therefore, all members of the Class, whether or not California residents, are entitled to recover under California law, as well as the laws of their own states.

51.     While average Flash Memory prices began to decline somewhat at the end of 2001, the cartel created by Defendants operated to mitigate those declines so that prices were still at supracompetitive levels.  Defendants' collusive activity still continues and has had the effect of keeping prices at supracompetitive levels.

## ACTIVE CONCEALMENT

52.     Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their higher-level executives.  Defendants and their co-conspirators publicly provided pre-textual and false justifications regarding their price increases.  Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.  Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this class action litigation was commenced.

53.     As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## VIOLATIONS ALLEGED

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

54.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

74441.3                                    -14-

CLASS ACTION COMPLAINT

55. Beginning at a time presently unknown to Plaintiff, but at least as early as January 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Flash Memory in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

56. In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set forth above, and the following, among others:

    a.    To fix, raise, maintain and stabilize the price of Flash Memory;

    b.    To allocate markets for Flash Memory among themselves;

    c.    To submit rigged bids for the award and performance of certain Flash Memory contracts; and

    d.    To allocate among themselves the production of Flash Memory.

57. The combination and conspiracy alleged herein has had the following effects, among others:

    a.    Price competition in the sale of Flash Memory has been restrained, suppressed, and/or eliminated in the United States;

    b.    Prices for Flash Memory sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

    c.    Those who purchased Flash Memory directly or indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

58. Plaintiff has been injured and will continue to be injured in his business and property by paying more for Flash Memory purchased indirectly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination

1   and conspiracy, including paying more for personal computers and other products in which

2   Flash Memory is a component as a result of higher prices paid for Flash Memory by the

3   manufacturers of those products.

4        59.   Plaintiff and the class are entitled to an injunction against Defendants,

5   preventing and restraining the violations alleged herein.

6                        **Second Claim for Relief**

7              **(Violation of the California Cartwright Act)**

8        60.   Plaintiff incorporates and realleges, as though fully set forth herein, each

9   and every allegation set forth in the preceding paragraphs of this Complaint.

10       61.   Defendants' contract, combination, trust or conspiracy was centered in,

11   carried out, effectuated and perfected mainly within the State of California, and Defendant's

12   conduct within California injured all members of the Class throughout the United States.

13   Therefore, this claim for relief under California law is brought on behalf of all members of the

14   Class, whether or not they are California residents.

15       62.   Beginning at a time presently unknown to Plaintiff, but at least as early as

16   January 1, 1999, and continuing thereafter at least up to and including the present, Defendants

17   and their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of

18   the trade and commerce described above in violation of Section 16720, California Business and

19   Professional Code.  Defendants, and each of them, have acted in violation of Section 16720 to

20   fix, raise, stabilize and maintain prices of, and allocate markets for, Flash Memory at supra-

21   competitive levels.

22       63.   The aforesaid violations of Section 16720, California Business and

23   Professions Code, consisted, without limitation, of a continuing unlawful trust and concert of

24   action among the Defendants and their co-conspirators, the substantial terms of which were to

25   fix, raise, maintain and stabilize the prices of, and to allocate markets for, Flash Memory.

26       64.   For the purpose of forming and effectuating the unlawful trust, the

27   Defendants and their co-conspirators have done those things which they combined and

28

1   conspired to do, including but in no way limited to the acts, practices and course of conduct set

2   forth above and the following:

> a.  to fix, raise, maintain and stabilize the price of Flash Memory;

> b.  to allocate markets for Flash Memory amongst themselves;

> c.  to submit rigged bids for the award and performance of certain Flash
>     Memory contracts; and

> d.  to allocate amongst themselves the production of Flash Memory.

65.  The combination and conspiracy alleged herein has had, inter alia, the following effects:

> a.  price competition in the sale of Flash Memory has been restrained,
>     suppressed and/or eliminated in the State of California and throughout the
>     United States;

> b.  prices for Flash Memory sold by Defendants and their co-conspirators
>     have been fixed, raised, maintained and stabilized at artificially high,
>     non-competitive levels in the State of California and throughout the
>     United States; and

> c.  those who purchased Flash Memory from Defendants and their co-
>     conspirators have been deprived of the benefit of free and open
>     competition.

66.  Plaintiff and the other members of the Class paid supra-competitive, artificially inflated prices for Flash Memory.

67.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the members of the Class have been injured in their business and property in that they paid more for Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.  As a result of Defendants' violation of Section 16720 of the California Business and Professions Code, Plaintiff seeks treble damages and the costs of suit, including reasonable attorneys' fees, pursuant to Section 16750(a) of the California Business and Professions Code.

## Third Claim for Relief

### (Violation of the California Unfair Competition Law)

68.     Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

69.     Defendants' business acts and practices were centered in, carried out, effectuated and perfected mainly within the State of California, and Defendant's conduct within California injured all members of the Class throughout the United States.  Therefore, this claim for relief under California law is brought on behalf of all members of the Class, whether or not they are California residents.

70.     Beginning on a date unknown to Plaintiff, but at least as early as January 1, 1999, and continuing thereafter at least up through and including the present, Defendants committed and continue to commit acts of unfair competition, as defined by Sections 17200, *et seq*. of the California Business and Professions Code, by engaging in the acts and practices specified above.

71.     This Claim is instituted pursuant to Sections 17203 and 17204 of the California Business and Professions Code, to obtain restitution from these Defendants for acts, as alleged herein, that violated Section 17200 of the California Business and Professions Code, commonly known as the Unfair Competition Law.

72.     The Defendants' conduct as alleged herein violated Section 17200.  The acts, omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged herein, constituted a common continuous and continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California Business and Professions Code, Section 17200, *et seq.*, including, but not limited to, the following:

a.      The violations of Section 1 of the Sherman Act, as set forth above;

b.      The violations of Section 16720, et seq., of the California Business and Professions Code, set above;

CLASS ACTION COMPLAINT

c.    Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as described above, whether or not in violation of Section 16720, et seq. of the California Business and Professions Code, and whether or not concerted or independent acts, are otherwise unfair, unconscionable, unlawful or fraudulent;

d.    Defendants' act and practices are unfair to consumers of Flash Memory in the State of California and throughout the United States, within the meaning of Section 17200, California Business and Professions Code; and

e.    Defendants' acts and practices are fraudulent or deceptive within the meaning of Section 17200 of the California Business and Professions Code.

73.    Plaintiff and each of the Class members are entitled to full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices.

74.    The illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.

75.    The unlawful and unfair business practices of Defendants, and each of them, as described above, have caused and continue to cause Plaintiff and the members of the Class to pay supra-competitive and artificially-inflated prices for Flash Memory. Plaintiff and the members of the class suffered injury in fact and lost money or property as a result of such unfair competition.

76.    The conduct of Defendants as alleged in this Complaint violates Section 17200 of the California Business and Professions Code.

77.    As alleged in this Complaint, Defendants and their co-conspirators have been unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition. Plaintiff and the members of the Class are accordingly entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and

1   benefits which may have been obtained by Defendants as a result of such business practices,

2   pursuant to the California Business and Professions Code, Sections 17203 and 17204.

3                           **Fourth Claim for Relief**

4           **(Violation of State Antitrust and Unfair Competition Laws)**

5                   78.     Plaintiff incorporates and realleges, as though fully set forth herein, each

6   and every allegation set forth in the preceding paragraphs of this Complaint.

7                   79.     By reason of the foregoing, defendants have entered into agreements in

8   restraint of trade in violation of Alabama Code §§8-10-1 et seq.

9                   80.     By reason of the foregoing, defendants have entered into agreements in

10  restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

11                  81.     By reason of the foregoing, defendants have entered into agreements in

12  restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal. Bus. &

13  Prof. Code §§17200 et seq.

14                  82.     By reason of the foregoing, defendants have entered into agreements in

15  restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

16                  83.     By reason of the foregoing, defendants have entered into agreements in

17  restraint of trade in violation of Iowa Code §§553.1 et seq.

18                  84.     By reason of the foregoing, defendants have entered into agreements in

19  restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

20                  85.     By reason of the foregoing, defendants have entered into agreements in

21  restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

22                  86.     By reason of the foregoing, defendants have entered into agreements in

23  restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

24                  87.     By reason of the foregoing, defendants have entered into agreements in

25  restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

26                  88.     By reason of the foregoing, defendants have entered into agreements in

27  restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

28

89.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

90.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

91.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

92.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

93.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

94.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of the Pennsylvania common law.

95.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

96.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

97.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Vermont Stat. Ann. 9 §§2453 et seq.

98.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 et seq.

99.     By reason of the foregoing, defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

100.    Class Members in each of the states listed above paid supra-competitive, artificially inflated prices for Flash Memory.  As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Flash Memory than they otherwise would have paid in the absence of Defendants' unlawful conduct.

CLASS ACTION COMPLAINT

## Fifth Claim For Relief

### (Violation of State Consumer Protection and Unfair Competition Laws)

101.   Plaintiff incorporates and realleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

102.   Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

103.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. §§45.50.471 et seq.

104.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Arkansas Code §4-88-101 et seq.

105.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §17200 et seq.

106.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of District of Columbia Code §28-3901 et seq.

107.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 et seq.

108.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. §480 et seq.

109.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code §48-601 et seq.

110.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. §50-623 et seq.

111.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Rev. Stat. §51:1401 et seq.

112.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. §207 et seq.

CLASS ACTION COMPLAINT

1    113.    Defendants have engaged in unfair competition or unfair or deceptive acts

2  or practices in violation of Montana Code §30-14-101 et seq.

3    114.    Defendants have engaged in unfair competition or unfair or deceptive acts

4  or practices in violation of Nebraska Rev. Stat. §59-1601 et seq.

5    115.    Defendants have engaged in unfair competition or unfair or deceptive acts

6  or practices in violation of New Mexico Stat. §57-12-1 et seq.

7    116.    Defendants have engaged in unfair competition or unfair or deceptive acts

8  or practices in violation of New York Gen. Bus. Law §349 et seq.

9    117.    Defendants have engaged in unfair competition or unfair or deceptive acts

10  or practices in violation of North Carolina Gen. Stat. §75-1.1 et seq.

11    118.    Defendants have engaged in unfair competition or unfair or deceptive acts

12  or practices in violation of Oregon Rev. Stat. §646.605 et seq.

13    119.    Defendants have engaged in unfair competition or unfair or deceptive acts

14  or practices in violation of Rhode Island Gen. Laws. §6-13.1-1 et seq.

15    120.    Defendants have engaged in unfair competition or unfair or deceptive acts

16  or practices in violation of South Carolina Code Laws §39-5-10 et seq.

17    121.    Defendants have engaged in unfair competition or unfair or deceptive acts

18  or practices in violation of Utah Code §13-11-1 et seq.

19    122.    Defendants have engaged in unfair competition or unfair or deceptive acts

20  or practices in violation of 9 Vermont §2451 et seq.

21    123.    Defendants have engaged in unfair competition or unfair or deceptive acts

22  or practices in violation of West Virginia Code §46A-6-101 et seq.

23    124.    Defendants have engaged in unfair competition or unfair or deceptive acts

24  or practices in violation of Wyoming Stat. §40-12-105.

25    125.    Class Members in the states listed above paid supra-competitive,

26  artificially inflated prices for Flash Memory.  As a direct and proximate result of Defendants'

27  unlawful conduct, Plaintiff and the members of the Class have been injured in their business

28

CLASS ACTION COMPLAINT

1   and property in that they paid more for Flash Memory than they otherwise would have paid in

2   the absence of Defendants' unlawful conduct.

3                                  **Sixth Claim for Relief**

4                        **(Unjust Enrichment and Disgorgement of Profits)**

5            126.   Plaintiff incorporates and realleges, as though fully set forth herein, each

6   and every allegation set forth in the preceding paragraphs of this Complaint.

7            127.   Defendants have been unjustly enriched through overpayments by

8   Plaintiff and Class members and the resulting profits.

9            128.   Under common law principles of unjust enrichment, Defendants should

10   not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class

11   members.

12            129.   Plaintiff seeks disgorgement of all profits resulting from such

13   overpayments and establishment of a constructive trust from which Plaintiff and Class members

14   may seek restitution.

15                                  **PRAYER FOR RELIEF**

16            WHEREFORE, Plaintiff prays:

17            A.     That the Court determine that the Sherman Act, state antitrust law, and

18   state consumer protection and/or unfair competition law claims alleged herein may be

19   maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

20   Procedure;

21            B.     That the unlawful conduct, contract, conspiracy or combination alleged

22   herein be adjudged and decreed to be:

23                  1.    A restraint of trade or commerce in violation of Section 1 of the Sherman

24                        Act, as alleged in the First Claim for Relief;

25                  2.    An unlawful combination, trust, agreement, understanding, and/or

26                        concert of action in violation of the state antitrust laws identified in the

27                        Second and Fourth Claims for Relief herein;

28

74441.3                                    -24-

CLASS ACTION COMPLAINT

3.   Violations of the state consumer protection and unfair competition laws identified in the Third and Fifth Claims for Relief herein; and

4.   Acts of unjust enrichment as set forth in the Sixth Claim for Relief herein.

C.   That Plaintiff and the Class recover damages, as provided by federal and state antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

D.   That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner: (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering into any other contract, conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; and (2) communicating or causing to be communicated to any other person engaged in the sale of Flash Memory, information concerning bids of competitors;

E.   That Plaintiff be awarded restitution, including disgorgement of profits obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

F.   That Plaintiff and members of the Class be awarded pre- and post-judgment interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action;

G.   That Plaintiff and members of the Class recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

H.   That Plaintiff and members of the Class have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

CLASS ACTION COMPLAINT

Dated:  January ___, 2007

Respectfully submitted,

By: _____

Michael P. Lehmann
Thomas P. Dove
Christopher L. Lebsock
Jon T. King
FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:  (415) 433-2070
Facsimile:  (415) 982-2076

Francis O. Scarpulla
Craig C. Corbitt
ZELLE HOFMANN VOELBEL MASON &
    GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:  (415) 693-0700
Facsimile:  (415) 693-0770

Josef D. Cooper
Tracy R. Kirkham
Kelly A. Horne
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco CA  94111
Telephone:  (415) 788-3030
Facsimile:  (415) 822-7040

***Counsel for Plaintiff and the Putative Class***

CLASS ACTION COMPLAINT

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated: January ___5___, 2007

Respectfully submitted,

By: _____

Michael P. Lehmann
Thomas P. Dove
Christopher L. Lebsock
Jon T. King
FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4249
Telephone:  (415) 433-2070
Facsimile:   (415) 982-2076

Francis O. Scarpulla
Craig C. Corbitt
ZELLE HOFMANN VOELBEL MASON &
    GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:  (415) 693-0700
Facsimile:   (415) 693-0770

Josef D. Cooper
Tracy R. Kirkham
Kelly A. Horne
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco CA  94111
Telephone:  (415) 788-3030
Facsimile:   (415) 822-7040

***Counsel for Plaintiff and the Putative Class***

74441.3

-27-

CLASS ACTION COMPLAINT