**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

IN RE FLASH MEMORY
ANTITRUST LITIGATION

No. C 07-0086 SBA

**ORDER PERMITTING INTERVENTION**

---

Before the Court is the United States Department of Justice, Antitrust Division's (DOJ) motion to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2) [Docket No. 93]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS the DOJ's unopposed motion to intervene.

The Court has recently consolidated numerous cases alleging a conspiracy to fix, raise, maintain, or stabilize the prices of, or allocate the market for, Flash Memory, resulting in Flash Memory prices to be higher than they otherwise would have been. *See* Docket No. 194. Most of these cases asserts causes of action under section 1 of the Sherman Act; the California Cartwright Act; the California Unfair Competition Law; and Antitrust and Unfair Competition Laws of the various States.

The DOJ declares that "The Antitrust Division is conducting a criminal investigation into the Flash Memory industry. The investigation includes conduct alleged in these Flash civil suits." Docket No. 94 (Cousins Decl.). The DOJ states that "a grand jury has been empaneled in this judicial district investigating criminal violations that include common questions of fact with the facts alleged in these civil cases." Docket No. 93. Accordingly, it "moves under Rule 24(b)(2) of the Federal Rules of Civil Procedure for an order to intervene in this civil action for the purpose of limiting certain discovery during an ongoing criminal grand jury investigation." *Id*. No party has opposed this request. The defendants have filed a statement of non-opposition. Numerous individual plaintiffs have likewise filed statements of non-opposition.

**LEGAL STANDARDS**

There are three necessary prerequisites for permissive intervention under Federal Rule of Civil Procedure 24(b)(2): (1) the applicant must show independent grounds for jurisdiction; (2) the motion must be timely; and (3) the applicant's claim or defense, and the main action, must have a question of law or a question of fact in common. *See San Jose Mercury News, Inc. v. U.S. Dist. Court---Northern Dist.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). A district court's discretion to grant or deny permissive intervention is broad, and includes the discretion to limit intervention to particular issues or for limited purposes. *See San Jose Mercury News*, 187 F.3d at 1100; *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974).

Based upon the declaration of Nathanael M. Cousins, there is reason to believe that the DOJ's criminal investigation involves common questions of fact with the consolidated action of *In re Flash Memory Antitrust Litigation*, 07-0086 SBA. The government has intervened for the purpose of limiting discovery in other civil cases similar to this one. *See, e.g., In re Static Random Access Memory (SRAM) Antitrust Litigation*, 07-1819 CW; *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 07-1827 SI; *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 02-1486 PJH. In fact, it appears well established that the government may intervene in a civil action for the purpose of limiting discovery when there is a parallel criminal proceeding involving a common question of law or fact. *See Bureerong v. Uvaswas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (citing cases); *see also Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 529 (S.D.W. Va. 2005); *Securities & Exchange Comm'n v. Mutuals.com*, 2004 WL 1629929, at *1-*2 (N.D. Tex. 2004). The DOJ's motion is timely. Discovery has not yet commenced, nor has there been an initial case management conference.

Accordingly, the DOJ's motion to intervene [Docket No. 93] is GRANTED. The United States of America, through the Antitrust Division of the U.S. Department of Justice, is permitted to intervene in this action for the purpose of seeking to limit discovery. The parties and the Clerk of Court are instructed to add the Antitrust Division of the U.S. Department of Justice to the service list.

IT IS SO ORDERED.

1
2   October 22, 2007                        _____
                                            Saundra Brown Armstrong
3                                           United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28