1  UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

No. C 07-0086 SBA

IN RE FLASH MEMORY
ANTITRUST LITIGATION

**ORDER**

---

Before the Court is the plaintiffs' request for discovery and production of documents previously compiled and turned over to a grand jury convened in an antitrust investigation being conducted by the United States Department of Justice. The plaintiffs seek production of these documents before they file their amended consolidated complaints. For the reasons that follow, this request is DENIED.

### BACKGROUND

Since January 5, 2007, numerous "Flash Memory" cases have been filed in the Northern District of California. Most of these cases have been consolidated before this Court under the caption, *In re Flash Memory Antitrust Litigation*, 07-0086 SBA. *See* Docket No. 194. On November 29, 2007, the Court closed and terminated the all independent actions, leaving only the lead case captioned under case number 07-cv-0086 SBA. *See* Docket No. 268.

These putative class actions arise from the alleged price-fixing of flash memory, a type of read-only, integrated chip with non-volatile memory that retains data even when power is turned off and that can be electrically erased and reprogrammed. It is used in such applications as memory cards, USB storage devices, digital audio players, mobile phones, digital cameras, game consoles, and personal computers. The defendants are foreign and domestic manufacturers of flash memory.

The Antitrust Division of the Department of Justice is conducting a criminal investigation into the flash memory industry, including conduct alleged in the cases before the Court. *See* Docket No. 94 (Cousins Decl.). "[A] grand jury has been empaneled in this judicial district investigating criminal violations that include common questions of fact with the facts alleged in these civil cases." Docket No.

93. In response to grand jury subpoenas, a small number of the defendants named in the complaints in this action have apparently compiled and submitted two compact disks of information. On October 23, 2007, the Court granted the Department of Justice's request to intervene in this matter for the purpose of seeking to limit discovery should it interfere with grand jury proceedings. *See* Docket No. 212.

On October 30, 2007, the Court heard motions by various plaintiffs' counsel for the appointment of interim lead counsel for both the "direct purchasers" and "indirect purchasers" of flash memory. *See* Docket No. 243. After appointing lead counsel for both classes, plaintiffs' counsel requested authorization to conduct discovery before filing amended consolidated complaints on behalf of the two groups. The Court requested and has now received briefing from the parties regarding the plaintiffs' request.

In their briefing, the plaintiffs clarify they are seeking

> all documents [the defendants have] produced previously to the U.S Department of Justice ("DOJ") in connection with the investigation of price-fixing in the flash memory market. Plaintiffs believe that these documents have already been compiled, organized, and converted to an electronic format that can readily be copied with no significant burden or expense.

Docket No. 261, at 1.

The plaintiffs further "request that they be given 90 days after receipt of all of the documents that have been produced to the DOJ to date to review and analyze them [and thereafter they] will file consolidated amended complaints to which defendants can respond." *Id*. The Department of Justice takes no position on this matter. *See* Docket No. 283.

At this point, this action is essentially in a state of limbo. All of the member cases have been terminated and closed as independent actions and amended consolidated complaints on behalf of the two purchasers classes have yet to be filed.

**ANALYSIS**

**1.    The Parties' Positions**

In their briefing, both parties take somewhat unusual positions. The plaintiffs are seeking

discovery before filing their amended consolidated complaints, before defendants are definitively named in this action, and before stating claims for relief of the putative classes of direct and indirect purchasers of flash memory. For their part, the defendants contend (somewhat indirectly but nonetheless unmistakably) that discovery in an antitrust case is not appropriate until a complaint has been found to be legally sufficient by a court in accordance with the pleading standards of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

Although both unusual and faulty, the respective positions of the parties are understandable. Given the Supreme Court's recent decision in *Twombly*, it is entirely predictable that the defendants will file a motion to dismiss and the plaintiffs' complaints will be subject to the pleading standards for antitrust actions discussed in the Supreme Court's opinion. Thus, the plaintiffs presumably seek enough facts to survive the inevitable motion to dismiss, while the defendants wish to subject any future complaints to a *Twombly*-based pleading challenge before having to provide discovery. It should be repeated, though, that there are no amended consolidated complaints, nor are there any motions to dismiss, pending. The only real question now before this Court is the timing of discovery.

In support of their contentions, the parties focus their briefing on the significance and meaning of two antitrust cases in the Northern District of California: (1) *In re Static Random Access Memory (SRAM) Antitrust Litigation*, 07-1819 CW; and (2) *In re Graphics Processing Units Antitrust Litigation*, 06-7417 WHA. The plaintiffs urge the Court to follow the example of the former, while the defendants suggest the Court adopt the approach of the latter.

In the *SRAM* case, the court apparently ordered the defendants to provide the plaintiffs with all documents produced to the Department of Justice, and did so before requiring the filing of consolidated amended complaints. *See* Case No. 07-1819, Docket No. 206 (June 8, 2007 Amended Minute Order and Case Management Order). There is, however, no accompanying rationale or explanation with the *SRAM* court's order shedding light on this course of action. It could very well be, as suggested by the defendants, that the *SRAM* court allowed this sequence because the plaintiffs in that case represented that "The review of those [grand jury] documents will assist us to eliminate certain defendants and move

forward," while at the same time they expressly disavowed the need for these documents "to make the consolidated amended complaint." Docket No. 274, at 5. In any event, reasoning by analogy to a minute order with little discussion is a largely fruitless exercise.

We can now turn to the second case given extensive exegesis by the parties, *In re Graphics Processing Units Antitrust Litigation*. The defendants put this case forward as an example of a denial of a request for production of previously provided grand jury documents, and an order halting discovery until after the resolution of pending motions to dismiss. *See In re Graphics Processing Units Antitrust Litigation*, 2007 WL 2127577 (N.D. Cal. July 24, 2007). The *Graphics Processing* court did find that it would be best, under the circumstances of that case, to adjudicate pending motions to dismiss before allowing discovery to proceed. *Id*. at *5. On the other hand, the court carefully and repeatedly prefixed this finding by stating that it was not relying upon the *Twombly* decision as compelling a blanket stay of all discovery in antitrust cases pending resolution of motions to dismiss. *See id.* at *1, *3, *4.

To the extent that the defendants are relying on the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), to support such a position, it must be rejected. This Court concurs with the statement in *Graphics Processing* that *Twombly* does not "erect an automatic, blanket prohibition on any and all discovery before an antitrust plaintiff's complaint survives a motion to dismiss." *Graphics Processing Units*, 2007 WL 2127577, at *4. While the *Twombly* Court was certainly concerned with the expense of discovery in antitrust cases, its resolution of this concern was to require plaintiffs to plead non-conclusory, factual allegations giving rise to a plausible claim or claims for relief. *Twombly*, 127 S. Ct. at 1965-66. The Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge. Such a reading of that opinion is overbroad and unpersuasive.

**2.    The Timing of Discovery**

Dispatching with these preliminaries, the Court addresses the question at hand: may the plaintiffs commence with discovery before there is an operative complaint on file, or, at least, demand production

4

of documents already provided to a grand jury? In addressing this question, it must be recognized that the timing of discovery is governed not by analogy to the rulings of other district court cases, but, rather, the Federal Rules of Civil Procedure. Most relevant is Rule 26(d), which states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

"By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005). "Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference." *Id.* at 499.

If there is any doubt about the present applicability of Rule 26, one may cross-reference it with Rule 34. Rule 34 deals with requests for production and discovery of electronically stored information, the type of discovery here sought by the plaintiffs. This Rule declares that "[w]ithout leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d)." FED. R. CIV. P. 34(b). Moreover, it may be worth noting that even initial disclosures under Rule 26(a), to be made without awaiting a discovery request, are not triggered until the parties' Rule 26(f) conference. *See* FED. R. CIV. P. 26(a)(1)(C).

While the parties have filed a joint case management statement, they recognize that a Rule 26(f) conference has not been conducted. As an example, the parties make the following prospective statements in their case management statement:

> a. <u>Plaintiffs' Statement</u>
> Plaintiffs propose to meet and confer with Defendants to develop a proposed discovery plan for this litigation pursuant to Fed. R. Civ. P. 26(f). Following the appointment of Interim Class Counsel in both the Direct Purchaser and Indirect Purchaser Actions, counsel for Plaintiffs will submit a proposed Pretrial Order No. 2 that sets forth, in detail, a proposed schedule and plan through the time of trial.
>
> b. <u>Defendants' Statement</u>
> Defendants seek to negotiate a reasonable case schedule with Plaintiffs, which would provide time for this Court to decide the adequacy of Plaintiffs' complaints before discovery may commence, as this will serve the purposes of efficiency and judicial economy. *See In re Graphics Processing Units Antitrust Litig.*, 2007 U.S. Dist. LEXIS

> 57982, at *24 ("This order concludes that first resolving the motions to dismiss is the better course. After full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow."). Accordingly, Defendants believe it is premature at this time to conduct a meet and confer conference pursuant to Fed. R. Civ. P. 26(f).

Docket No. 204, at 13 (Joint Case Management Statement).

Given that the Rule 26(f) conference has not occurred, the plaintiffs "may not seek discovery from any source" in the absence of a stipulation or court order. FED. R. CIV. P. 26(d). There is no stipulation, and other considerations bear against allowing pre-complaint discovery by way of court order. For instance, Rule 34 limits requests for production to the scope of Rule 26(b). Rule 26(b), while notably broad, nevertheless limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Allowing discovery before the filing of the amended consolidated complaints does not allow us to know who the parties are or what their claims may be. While many of the numerous named defendants in the various complaints overlap, they are not identical. We do not know at this time what defendants will ultimately be included in the consolidated complaints. This is not just an idle concern. Apparently one of the defendants from whom discovery is sought is SanDisk Corporation. SanDisk is not named as a defendant in most of the complaints on file. Thus, is it not a given that SanDisk is a "party" against whom a "claim" is being asserted, and therefore, that the requested discovery comes with Rule 26(b). The same is true of the plaintiffs' potential claims—with no operative complaint at this time, there are no claims by which relevance of requested discovery may be measured under Rule 26(b).

It should also be noted that Rule 26(b)'s phrase "relevant to any party's claim or defense" clearly ties discovery to the parties' pleadings. Discovery in the absence of any operative pleading, with the exception noted below, does not fit easily within the framework established by the Federal Rules. Such pre-action discovery is generally not permitted. *See, e.g., Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1373 (D.C. Cir. 1995); *Daniels v. City of New York*, 200 F.R.D. 205, 209 n.7 (S.D.N.Y. 2001); *In re Solorio*, 192 F.R.D. 709, 709-10 (D. Utah 2000); *In re Gary Constr., Inc.*, 96 F.R.D. 432, 433 (D. Colo. 1983).

The Federal Rules of Civil Procedure contemplate pre-complaint discovery only in very limited circumstances not applicable here. Namely, Rule 27 allows the taking of a deposition before an action is filed in order to perpetuate the testimony of a witness. But this Rule is generally limited to potential deponents who may be unavailable after a compliant is filed due to such reasons as advanced age, illness, or an indefinite departure from the country. *See, e.g., In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978). In this case, the plaintiffs seek production of documents (not testimony) already compiled and turned over to the government. There is little to no risk that these documents will be unavailable in the future.

It is therefore apparent that the timing of discovery under the Federal Rules is not a mere formalism that easily gives way to a plaintiff's invocation of efficiency or merely because the marginal costs of duplicating documents already provided to a grand jury may be negligible. The Federal Rules provide limits on the scope of discovery, provide incentives for cooperation between the parties, a mechanism for seeking protective orders and for lodging objections, and a basis for court resolution of discovery disputes. Allowing discovery outside the terms of these Rules, and before an operative complaint is filed, obviates these protections.

**CONCLUSION**

Accordingly, the Court denies the plaintiffs' request for pre-complaint discovery. The Court directs that amended consolidated complaints on behalf of the "direct purchasers" and the "indirect purchasers" of flash memory be filed within 45 days of the date of this order.

Finally, a case management conference is hereby scheduled for April 2, 2008, at 2:30 P.M., via telephone. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510)

637-3559 at the above indicated date and time.

IT IS SO ORDERED.

December 24, 2007            _____
Saundra Brown Armstrong
United States District Judge