1 | Counsel Listed On Signature Block

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| IN RE FLASH MEMORY ANTITRUST LITIGATION | Case No. C07-0086 SBA |
|---|---|
| | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| This Document Relates to:<br><br>ALL ACTIONS | Date: May 20, 2009<br>Time: 3:00 p.m.<br>Courtroom: Telephonic Conference<br>Hon. Saundra Brown Armstrong |

Pursuant to the Federal Rules of Civil Procedure, the Court's Standing Order and the Court's Local Civil Rules, Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs and Defendants hereby jointly submit this Joint Case Management Conference Statement in advance of the May 20, 2009 Case Management Conference.

**1.     Jurisdiction and Service**

    **a.     Subject Matter Jurisdiction**

        i.     <u>Plaintiffs' Statement</u>

Plaintiffs allege price-fixing and other anticompetitive conduct in the market for NAND flash memory. The Direct Purchaser Plaintiffs bring claims under the federal antitrust laws including Section 1 of Sherman Act, 15 U.S.C. § 1. The Indirect Purchaser Plaintiffs bring claims under the California Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and similar laws of the various states, as well as under Section 1 of the Sherman Act, 15 U.S.C. § 1, including injunctive relief. The Court has jurisdiction over the Indirect Purchaser Plaintiffs' claim for injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, under 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and 28 U.S.C. § 1332. The Court also has jurisdiction over the state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711 – 1715.

        ii.     <u>Defendants' Statement</u>

Certain Defendants may contest subject matter jurisdiction, including the application of the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, to Plaintiffs' claims.

    **b.     Personal Jurisdiction**

The Parties agree that there are no personal jurisdiction issues for any of the Defendants.

///

c. **Service**

The parties agree that all of the Defendants have been served or their respective counsel have stipulated to accept service on their behalf.

**2. Facts**

a. Plaintiffs' Statement

These actions arise from an alleged conspiracy to fix the prices of NAND flash memory, a form of electronic memory that may be erased and reprogrammed. NAND Flash memory is used for easy and fast information storage. NAND Flash memory is used as a stand-alone product (such as the removable memory cards for digital cameras and computers) as well as a component of computer, consumer electronics and other electronics products (such as personal computers, digital media players, mobile phones, and video game consoles). Defendants are foreign and domestic manufacturers and their affiliated companies.

Plaintiffs allege that Defendants' price-fixing conspiracy began in approximately January of 1999 and is continuing to the present. The conspiracy has been carried out through agreements to fix prices and restrict output and has been facilitated by a variety of means as alleged in the consolidated amended complaints.

Defendants SanDisk, Toshiba, Samsung, and Renesas (the joint venture of Hitachi and Mitsubishi), have acknowledged receiving grand jury subpoenas in connection with the Department of Justice's ("DOJ") investigation of price-fixing in the NAND flash memory industry.

b. Defendants' Statement

Defendants deny Plaintiffs' allegations of any antitrust conspiracy or other wrongdoing. In addition, Defendants submit that a threshold problem with Plaintiffs' case is their inaccurate equation of NAND Flash Memory -- a programmable memory chip -- and downstream products containing NAND Flash Memory, such as "removable memory cards for digital cameras and computers." *See* Plaintiffs' Statement above; *see also* Direct Purchaser Consolidated Complaint, ¶ 28 (NAND flash memory includes not only "flash

memory chips," but also "such chips incorporated in units that allow them to interact with other electronic products," including "flash memory cards and USB thumb drives"). In fact, NAND Flash Memory is an input to memory cards just as it is to personal computers, digital media players, and other products.

**3.    Legal Issues**

    a.    <u>Plaintiffs' Statement</u>

The primary issues are:

    i.    Whether classes of persons and entities who purchased NAND flash memory directly or indirectly from Defendants should be certified and whether Plaintiffs adequately represent those classes;

    ii.    Whether Defendants engaged in a contract, combination or conspiracy to fix, maintain or stabilize the prices of, and/or allocate the markets for, NAND flash memory in the United States;

    iii.    Whether the conduct of Defendants that is allegedly unlawful under the Sherman Act and the various state antitrust and unfair competition laws caused prices of NAND flash memory in the United States to be artificially high and at anti-competitive levels; and

    iv.    Whether Plaintiffs and other members of the classes alleged by Plaintiffs were injured by the alleged unlawful conduct of Defendants and, if so, the appropriate class-wide measure of damages.

    b.    <u>Defendants' Statement</u>

Defendants respectfully suggest that the legal issues include, but are not limited to:

    i.    Whether the Court has subject matter jurisdiction over each of the claims Plaintiffs assert, including the extent to which Plaintiffs' claims are subject to dismissal under the Foreign Trade Antitrust Improvements Act;

    ii.    Whether Plaintiffs have standing to assert their claims;

      iii.      Whether any class of direct or indirect purchasers of "flash memory" may be certified;

      iv.      Whether Defendants engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize the prices of, and/or allocate the markets for, "flash memory" in the United States;

      v.      Whether "flash memory" constitutes a single relevant market and, if not, whether there is a sufficient product market definition;

      vi.      Whether the conduct of Defendants that is allegedly unlawful under the applicable laws caused prices of "flash memory" in the United States to be supracompetitive;

      vii.      Whether the alleged unlawful conduct of Defendants resulted in injury to each putative class member and, if so, the appropriate measure of damage; and

      viii.      Whether certain of Indirect Purchaser Plaintiffs' state law claims fail for a variety of reasons.

**4.    Motions**

    a.    <u>Plaintiffs' Statement</u>

To the extent the Parties are unable to resolve pending discovery disputes, Plaintiffs anticipate filing motions to compel under Fed. R. Civ. Proc. 26, 33, and/or 34. These discovery-related issues are discussed further in section 8 below.

Plaintiffs' position concerning class certification is set forth in section 9 below.

By order entered on April 17, 2009, the Court denied defendants' motions to dismiss the Direct Purchaser Consolidated Complaint ("DP-CC"). The Court granted in part and denied in part Defendants' motions to dismiss the Indirect Purchaser Plaintiffs' Consolidated Class Action Complaint ("IP-CCAC"). The Court also denied defendants' motion for a protective order seeking a stay of discovery pending the resolution of their motions to dismiss.

     b.     <u>Defendants' Statement</u>

Defendants anticipate opposing Plaintiffs' motions for class certification and filing dispositive motions at the close of discovery.

**5.   Amendment of Pleadings**

     a.     <u>Plaintiffs' Statement</u>

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs filed separate consolidated class action complaints on February 7, 2008. Indirect Purchaser Plaintiffs filed a First Amended Consolidated Class Action Complaint on May 1, 2009.

     b.     <u>Defendants' Statement</u>

Defendants' responses to the Indirect Purchasers' amended complaint are currently due on May 18, 2009, while their responses to the Direct Purchasers' complaint, pursuant to stipulation, are currently due on June 1, 2009. To provide a uniform response date, the parties intend to file a stipulation extending the due date for Defendants' responses to the Indirect Purchasers' amended complaint to June 1, 2009.

**6.   Evidence Preservation**

The parties and the Court discussed evidence preservation at the initial case management conference in this action, and the parties agreed upon the terms of a preservation order. The Court entered the stipulated preservation order on April 22, 2008.

**7.   Disclosures**

     a.     <u>Plaintiffs' Statement</u>

At the Rule 26(f) conference conducted on March 11, 2008, Plaintiffs requested that Defendants comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure and make their required disclosures. Defendants refused on the ground that a complaint had not survived motions to dismiss, and that they intended to file a joint motion for protective order pending the resolution of motions to dismiss. Plaintiffs' position is that defendants' Rule 26 disclosures should occur promptly because the motion to dismiss the DP-CC was denied in its

entirety, the motion to dismiss the IP-CC was largely denied, and the joint motion for protective order was denied.

     b.    <u>Defendants' Statement</u>

At this time, neither Direct Purchaser Plaintiffs nor Defendants have made initial disclosures under Rule 26(a)(1). Indirect Purchaser Plaintiffs have served initial disclosures. Defendants propose that the parties exchange initial disclosures by June 15, 2009. However, if Defendants agree to produce or will be producing their NAND Flash grand jury document productions, Defendants believe that those productions will render initial disclosures unnecessary.

**8.    Discovery**

     a.    <u>Plaintiffs' Statement</u>

On March 11, 2008, after filing their separate consolidated amended complaints, Plaintiffs met with Defendants to discuss the matters set forth in Fed. R. Civ. P. 26(f). Plaintiffs made proposals regarding discovery pursuant to the Federal Rules of Civil Procedure and Local Civil Rules and which were not inconsistent the DOJ's position regarding discovery.

Specifically, Plaintiffs proposed that: (1) Defendants produce to Plaintiffs all materials or information which they have provided to the grand jury in connection with the DOJ's investigation of the NAND Flash memory market; (2) the documents previously produced by Defendants in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Case No. M-02-1486 PJH (N.D. Cal.) and/or *In re Static Random Access Memory (SRAM) Antitrust Litigation,* Case No. M-07-01819 CW (N.D. Cal.) be deemed produced in this case (interim lead counsel in this case already have such documents due to their role as counsel in the DRAM and SRAM litigations); (3) the Parties make initial disclosures, and; (4) Defendants respond to other discovery requests that are not inconsistent with the DOJ's position regarding discovery. Defendants refused to make Rule 26 disclosures or provide any other discovery "consistent with their position from the beginning that no discovery should

occur unless and until Plaintiffs are found to state valid antitrust claims." (All Defendants' Notice of Motion and Motion For a Protective Order Staying Discovery and Memorandum of Points and Authorities (cited herein as "Defs. MPA"), p. 3:17-19). Additionally, at the March 11, 2008 Rule 26(f) conference, Plaintiffs provided Defendants with a proposed protective order based on the Court's model protective order, with revisions similar to those adopted in recent antitrust cases.

Following the Rule 26(f) conference, Plaintiffs served discovery requests upon Defendants. On March 12, 2008, Direct Purchaser Plaintiffs served seven (7) document requests and six (6) special interrogatories. Indirect Purchaser Plaintiffs served substantially identical discovery requests on the same day. Those document requests sought the materials described above during the Rule 26(f) conference. The document requests also sought: (1) documents "sufficient to show" Defendants' corporate organization as it relates to NAND flash; and (2) documents "sufficient to show" Defendants' sales of NAND flash during the class period (i.e. transactional sales data).

The interrogatories propounded by Plaintiffs complemented and overlapped the document requests related to Defendants' sales of NAND flash. Generally, they sought summary data – *e.g.,* annual sales figures – maintained by Defendants in the ordinary course of business.

In response to Plaintiffs' document requests and special interrogatories, Defendants filed motions for protective orders on the grounds that discovery should not occur while their motions to dismiss were pending.

This Court's order entered on April 17, 2009 denying Defendants' motion to dismiss as to the Direct Purchaser complaint in its entirety, granting in part and denying in part Defendants' motion to dismiss as to the Indirect Purchaser complaint, and denying Defendants' motion for a protective order removed any basis for Defendants' blanket refusal to respond to the requested discovery. Accordingly, Plaintiffs believe that Defendants should provide substantive responses to Plaintiffs' written discovery – i.e., produce responsive

799679.1                                -7-
                                        JOINT CASE MANAGEMENT CONFERENCE STATEMENT
                                        Case No. C07-0086 SBA

documents and provide interrogatory responses – and make Rule 26 disclosures forthwith. Copy sets of the vast majority of the documents Plaintiffs seek exist already, and/or the documents are already in Plaintiffs' physical possession, though subject to a protective order. By letter dated, April 24, 2009, Direct Plaintiffs requested that Defendants provide full substantive responses to all outstanding discovery by May 29, 2009, and agree to the protective order proposed last year. As of this date, Defendants have not agreed to provide any substantive response. Plaintiffs further propose that the Defendants' production of documents produced to the Grand Jury in connection with the DOJ's investigation of Flash memory be made in the same manner that those materials were produced to the DOJ, and include: (1) a source log for documents produced, (2) a privilege log for documents withheld, and (3) a statement of whether and how each Defendant negotiated any limitation with the DOJ on its production of documents responsive to a grand jury subpoena.

   b. <u>Department of Justice</u>

   Intervenor the United States Department of Justice takes no position on the issue of when it is appropriate for discovery to commence in this litigation. If or when discovery does commence, the Antitrust Division does not object to the production of grand jury documents to the extent they are sought in the Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Direct Purchaser Plaintiffs' First Set of Interrogatories to All Defendants, Indirect Purchaser Plaintiffs' First Set of Requests for Production of Documents to All Defendants, and Indirect Purchaser Plaintiffs' First Set of Interrogatories to All Defendants. The Antitrust Division will continue to meet and confer with the parties concerning the scope of any additional discovery that may be sought in this civil case to the extent the discovery intersects with a grand jury investigation. The Antitrust Division may seek a protective order at a later time.

   c. <u>Defendants' Statement</u>

   Defendants believe that discovery in this action has the potential to be massive and complex, and therefore needs to be carefully managed to avoid undue burdens on the parties

and the Court and to ensure that it is conducted in a timely and efficient fashion. Towards that end, Defendants have initiated discussions with Plaintiffs regarding certain proposals to streamline and phase discovery.

1. Plaintiffs' First Set of Interrogatories and Requests for Documents: Defendants last year served written responses and objections to Plaintiffs' First Set of Interrogatories and Requests for Documents. Additionally, Defendants intend to produce further information and documents in response to these pending requests now that the Court has ruled on the previously pending motions and Defendants have discussed and will continue to discuss with Plaintiffs the scope and timing of such further production.

2. Documents provided to the grand jury in connection with the DOJ's investigation of the NAND Flash memory market: Defendants do not believe that Plaintiffs' document request for all "documents provided to the grand jury in connection with the DOJ's investigation of the NAND Flash memory market" is a permissible request. The plain fact that a document was produced to a grand jury does not make that document relevant or discoverable in this litigation. Nonetheless, in an attempt to compromise, Defendants are willing to produce the requested grand jury documents if Plaintiffs will agree to limit and not propound additional document requests that would be duplicative of the grand jury production.

3. Information from *In re DRAM* and *In re SRAM* Litigations. Defendants object to Plaintiffs' foregoing request to deem all information produced in the *In re DRAM* and *In re SRAM* litigations as produced in this litigation. There is no basis for Plaintiffs' claim that a document is automatically relevant to this litigation for the sole reason that it was produced in one of the other two litigations. See Fed R. Civ. P. 26(b)(1) (parties may obtain discovery of non-privileged matter *relevant* to the parties' claims and defenses). Defendants would be willing, however, to agree to produce documents produced in the *In re DRAM* or *In re SRAM* litigations that specifically reference NAND Flash memory products.

## 9. Class Actions

    a.    <u>Plaintiffs' Statement</u>

Plaintiffs intend to file motions for class certification. As set forth in section 17 below, Plaintiffs propose that this and other scheduling matters be taken up at the next status conference.

    b.    <u>Defendants' Statement</u>

Defendants believe that this case is inappropriate for class certification and will oppose Plaintiffs' motions for class certification. Defendants agree that scheduling issues related to class certification should be addressed at the next status conference.

## 10. Related Cases

The parties are not aware of any case that is related within the meaning of Civil Local Rule 3-12(a).

## 11. Relief

    a.    <u>Plaintiffs' Statement</u>

Plaintiffs seek money damages, including treble damages, for alleged violations of the antitrust laws and injunctive relief against alleged continued illegal practices.

    b.    <u>Defendants' Statement</u>

Defendants deny that Plaintiffs are entitled to relief.

## 12. Settlement and ADR

    a.    <u>Plaintiffs' Statement</u>

No settlement discussions have occurred and may be premature at this time. Plaintiffs, however, do not object to engaging in early settlement discussions.

    b.    <u>Defendants' Statement</u>

Defendants agree that settlement discussions are premature at this time.

## 13. Consent to Magistrate Judge For All Purposes

The parties have not so consented.

14. **Other References**

    a. Plaintiffs' Statement

    Plaintiffs believe that discovery matters should be referred to a Magistrate Judge.

    b. Defendants' Statement

    Defendants believe that the Court should appoint a special master for discovery matters, particularly in light of the number of parties, likely volume of discovery, existence of the government investigation and presence of numerous foreign entities.

15. **Narrowing of Issues**

    Since none of the named Defendants has yet filed an answer, it is premature to consider the narrowing of issues at this time.

16. **Expedited Schedule**

    The parties do not believe that this matter is amenable to an expedited schedule.

17. **Scheduling**

    a. Plaintiffs' Statement

    Plaintiffs propose that the Court schedule another Case Management Conference in August or September at which time a comprehensive schedule for this litigation can be developed. By that time, Plaintiffs will have had an opportunity to review Defendants' initial disclosures and responses to the outstanding discovery, and be better able to propose a realistic schedule herein.

    b. Defendants' Statement

    Defendants agree with Plaintiffs' proposal to develop a litigation schedule at the next Case Management Conference but propose September or October.

18. **Trial**

    Plaintiffs demand trial by jury. The parties are not presently in a position to address: (a) the anticipated length of trial; (b) to determine if it is possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence; or (c) if it is feasible or desirable to bifurcate issues for trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

The parties are in compliance with the Court's rules.

20. **Other Matters**

None.

Dated: May 8, 2009                Respectfully submitted,

                                  By:  /s/ Bruce L. Simon
                                       Bruce L. Simon
                                       PEARSON, SIMON, WARSHAW & PENNY, LLP
                                       44 Montgomery Street, Suite 1430
                                       San Francisco, CA 94104
                                       Telephone:  (415) 433-9000
                                       Facsimile:  (415) 433-9008

                                  By:  /s/ Guido Saveri

                                       Guido Saveri
                                       SAVERI & SAVERI, INC.
                                       706 Sansome Street
                                       San Francisco, CA 94111
                                       Telephone:  (415) 217-6810
                                       Facsimile:  (415) 217-6813

                                       *Interim Co-Lead Counsel for the Direct Purchaser Plaintiff*

Dated: May 8, 2009                By:  /s/ Francis O. Scarpulla
                                       Francis O. Scarpulla
                                       ZELLE, HOFMANN, VOELBEL, & MASON LLP
                                       44 Montgomery Street, Suite 3400
                                       San Francisco, CA 94104
                                       Telephone:  (415) 693-0700
                                       Facsimile:  (415) 693-0770

                                  By:  /s/ Joseph W. Cotchett
                                       Joseph W. Cotchett
                                       COTCHETT, PITRE & MCCARTHY
                                       San Francisco Airport Office Center
                                       840 Malcolm Road, Suite 200
                                       Burlingame, CA 94010
                                       Telephone:  (650) 697-6000
                                       Facsimile:  (650) 697-0577

                                       *Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

799679.1                              -12-
                          JOINT CASE MANAGEMENT CONFERENCE STATEMENT
                          Case No. C07-0086 SBA

| | | |
|---|---|---|
| Dated: May 8, 2009 | By: | /s/ Daniel M. Wall |

                                                       Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-1256
Telephone:	(415) 391-0600
Facsimile:	(415) 395-8095

Belinda S Lee
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone:	(213) 485-1234
Facsimile:	(213) 891-8763

*Counsel for Toshiba America Inc. and Toshiba America Electronic Components, Inc.*

Craig P. Seebald
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
Telephone:	(202) 756-8000
Facsimile:	(202) 756-8087

Daniel E. Alberti
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone:	(650) 813-5000
Facsimile:	(650) 813-5100

*Counsel for Hitachi America, Ltd., Renesas Technology Corp., and Renesas Technology America, Inc.*

Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:	(415) 984-8700
Facsimile:	(415) 984-8701

Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:	(213) 430-6000
Facsimile:	(213) 430-6407

*Counsel for Hynix Semiconductor America, Inc. and Hynix Semiconductor, Inc.*

799679.1

-13-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA

|    |    |
|----|----|
| 1  | Gary L. Halling |
|    | SHEPPARD, MULLIN, RICHTER & |
| 2  |    HAMPTON LLP |
|    | Four Embarcadero Center, 17th Floor |
| 3  | San Francisco, CA 94111-4106 |
|    | Telephone:    (415) 434-9100 |
| 4  | Facsimile:    (415) 434-3947 |

1
2
3
4

Gary L. Halling
SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947

5

*Counsel for Defendant Samsung Semiconductor, Inc. and Samsung Electronics Corp., Ltd.*

6
7
8
9

Donn P. Pickett
Frank M. Hinman
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone:    (415) 393-2000
Facsimile:    (415) 393 2286

10
11
12
13

Richard S. Taffet
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone:    (212) 705-7000
Facsimile:    (212) 752-5378

14

*Counsel for Defendant SanDisk Corporation*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

799679.1

-14-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA