# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FLASH MEMORY ANTITRUST LITIGATION<br>_____<br><br>This Document Relates to:<br><br>DIRECT AND INDIRECT PURCHASER ACTIONS | No. C 07-00086 SBA<br><br>**ORDER REGARDING DISCOVERY** |

The parties filed a joint letter dated June 9, 2009 [Docket No. 516] stating their respective positions regarding the scope and timing of certain discovery and discovery related issues. The court held a discovery conference on June 12, 2009, at which interim lead counsel for direct purchasers and indirect purchaser plaintiffs were present, as were counsel for all defendants. For the reasons stated on the record at that conference and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The parties shall adhere to the procedures set forth in paragraph 8 of the November 3, 2008 Civil Standing Orders for Magistrate Judge Joseph C. Spero.

2. The proposed interim protective order in the form attached as Exhibit H to the June 9, 2009 Joint Letter [Docket No. 516] shall be entered. The parties shall submit to the Court for execution a version of that order that removes the reference to "DRAFT."

3. With respect to the issues that remain in dispute regarding the protective order (specifically, the disclosure of Confidential and Highly Confidential materials

pursuant to proposed paragraphs 7.2 and 7.3), the parties shall meet and confer to attempt to resolve their disputes and, no later than Friday June 19, 2009, shall file a joint letter that (a) informs the court of any agreements reached and (b) if any disputes remain, states the parties' respective positions.

4. Plaintiffs shall provide expedited responses (subject to appropriate objection) to Defendants' pending requests for production of documents and interrogatories to the extent necessary to allow the parties to complete half of the depositions prior to July 21, 2009. The parties shall meet and confer regarding the scope and dates by which Plaintiffs shall respond to and produce documents in response to Defendants' pending requests for production of documents (subject to appropriate objection) and provide substantive responses to Defendants' pending interrogatories (subject to appropriate objection). No later than Friday June 19, 2009, the parties shall file a joint letter that (a) informs the court of any agreements reached and (b) if any disputes remain, states the parties' respective positions.

5. Prior to July 21, 2009, Indirect Plaintiffs shall make available for deposition at least half of the named indirect plaintiffs who are or will be putative class representatives and shall make the remaining named plaintiff putative class representatives available for deposition prior to August 18, 2009. Prior to July 21, 2009, Direct Plaintiff shall make available the one named direct plaintiff who is or will be a putative class representative.

6. Those defendants that have produced pre-existing documents to the U.S. Department of Justice or Grand Jury in connection with the Department of Justice's investigation into NAND Flash shall produce those documents to Plaintiffs no later than June 17, 2009, except that Defendant Samsung Semiconductor, Inc. shall produce such documents to Plaintiffs no later than June 22, 2009.

7. Plaintiffs and the Defendants that produced such pre-existing documents to the Department of Justice or Grand Jury shall meet and confer regarding the scope of

- 2 -

|   |   |
|---|---|
| 1 | such Defendants' search for and production of such documents, including whether |
| 2 | Defendants will provide: (a) source logs for those documents; (b) any subpoena |
| 3 | and any agreed-upon search protocols or limits on the scope of search and |
| 4 | production; and (c) a list of the custodians of the documents produced/employees |
| 5 | whose records were searched and description of the locations searched, including |
| 6 | the manner searched, the use of electronic search terms, and any limitations on |
| 7 | electronic data searched. No later than Friday June 19, 2009, the parties shall file |
| 8 | a joint letter that (a) informs the court of any agreements reached and (b) if any |
| 9 | disputes remain, states the parties' respective positions. |

8. Defendants do not object to Plaintiffs reviewing documents that were produced in the *DRAM* or *SRAM* class actions, as well as deposition transcripts from those cases, for the purpose of determining whether to designate any such documents or transcripts for use in the instant litigation. Defendants do not object to Plaintiffs designating a reasonable number of documents (which Defendants believe and expressed to Plaintiffs would not exceed fifteen hundred documents; and which Plaintiffs believe and have expressed to Defendants should not be determined in advance by any specific number of documents) and transcripts and upon such designation having such document and transcripts deemed produced in this litigation and subject to the Protective Order herein. To the extent such designations include documents or deposition transcripts from parties (or their employees) that are not defendants in this case, Plaintiffs' right to use them in this case shall be co-extensive with, and no greater than, the rights of Defendants, including those not parties in the DRAM or SRAM class actions. The designation of *DRAM* or *SRAM* documents or transcripts that Plaintiffs may use in connection with class certification in this case shall be made not less than three business days prior to such use, including the filing of opening briefs in support of class certification. The parties shall meet and confer no later than the hearing on Plaintiffs' class certification motions to agree on a date by which Plaintiffs shall

- 3 -

|   |   |
|---|---|
| 1 | make a good faith effort to designate all other *DRAM* or *SRAM* documents or |
| 2 | transcripts for use in the case.  After Plaintiffs have made such initial designation, |
| 3 | Plaintiffs may supplement that designation by providing notice to Defendants no |
| 4 | later than three business days before use in any deposition, submission or |
| 5 | otherwise.  This order shall not be construed as preventing Defendants from |
| 6 | objecting to the relevance or admissibility of any *DRAM* or *SRAM* documents or |
| 7 | transcripts designated hereunder in this case. |

9. No later than June 26, 2009, Defendants shall produce transactional data relating to the sale of NAND flash chips and products containing NAND flash shipped to or sold to the United States for the period of 1997 through February 2008, except that no later than June 26, 2009, Toshiba America Electronic Components, Inc. shall produce such transactional data through October 2007 and shall use its best efforts to produce the remaining data as soon as practicable.  The parties shall meet and confer in person as to whether and to what extent transactional data relating to non-United States sales will be produced.  By agreeing to produce such transactional data through February 2008, Defendants do not waive any objections they may have to producing other documents and data, including without limitation non-transactional documents and data, for periods prior to February 2008.  The parties shall file no later than Friday June 26, 2009 a joint letter that (a) informs the court of any agreements reached and (b) if any disputes remain, states the parties' respective positions.

10. If Defendants' documents produced to the Department of Justice or Grand Jury and Defendants' initial disclosures do not provide sufficient information regarding Defendants' organizational information, the parties shall meet and confer.

11. For the period covering 1997 through February 2008, to the extent such documents exist and can be obtained through a reasonable search, Defendants shall produce on a rolling basis and as soon as possible, but no later than Friday July 3, 2009, their (a) NAND flash sales contracts; (b) part decoders or similar materials which

- 4 -

provide information about a product's characteristics based on the product's model number or part number; (c) descriptions of the various types of NAND flash products by SKU and other identifying characteristics and end uses; and (d) cross-reference guides or similar documents which identify competing products sold by each manufacturer and which are used to identify whether those competitor products may serve as a substitute product. By agreeing to produce such documents and materials through February 2008, Defendants do not waive any objections they may have to producing other documents and data for periods prior to February 2008.

12. No later than the hearing on Plaintiffs' class certification motions, the parties shall meet and confer regarding Defendants' responses to Plaintiffs' additional pending discovery.

**IT IS SO ORDERED.**

Dated: __June 24_____, 2009



Hon. _____
United _____
Judge Joseph C. Spero