FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
PATRICK B. CLAYTON (240191)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com

JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
NANCY L. FINEMAN (124870)
NEIL J. SWARTZBERG (215133)
ARON K. LIANG (228936)
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:   (650) 697-6000
Facsimile:    (650) 697-0577
jcotchett@cpmlegal.com

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE FLASH MEMORY ANTITRUST LITIGATION | Master File No. C-07-00086 SBA |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS OF CHRISTOPHER BESSETTE WITHOUT PREJUDICE; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date:       October 20, 2009<br>Time:       1:00 p.m.<br>Location:  Courtroom 3, 3rd Floor<br>Before:     Hon. Saundra B. Armstrong |

NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS OF CHRISTOPHER BESSETTE WITHOUT PREJUDICE;
MEMORANDUM OF LAW IN SUPPORT THEREOF

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | **PLEASE TAKE NOTICE** that on October 20, 2009, at 1:00 p.m. before the Honorable |
| 3 | Saundra B. Armstrong of the United States District Court, Northern District of California, 1301 |
| 4 | Clay Street, Suite 400 S, Oakland, California, Indirect-Purchaser Plaintiff Christopher Bessette |
| 5 | will and hereby does move to voluntarily dismiss his claims against Defendants without prejudice |
| 6 | pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Mr. Bessette does not belive |
| 7 | he is a member of the proposed class of Indirect-Purchaser Plaintiffs, as he does not believe he |
| 8 | purchased any of the NAND Flash Memory products identified in the class definition set forth in |
| 9 | the Indirect-Purchaser Plaintiffs' Motion For Class Certification [Corrected, Per July 22, 2009 |
| 10 | Order], filed on July 23, 2009.  Mr. Bessette respectfully requests that his claims in this matter be |
| 11 | dismissed without prejudice. |
| 12 | This Motion is based on this notice, the memorandum of law in support thereof, the |
| 13 | Declaration of Christopher Bessette In Support Of Motion To Dismiss Claims Of Christopher |
| 14 | Bessette Without Prejudice ("Bessette Decl."), the accompanying proposed order, as well as |
| 15 | further argument or evidence as may be permitted, and the record in this matter. |
| 16 | **STATEMENT OF ISSUES TO BE DECIDED** |
| 17 | Whether the Court should dismiss the claims of Indirect-Purchaser Plaintiff Christopher |
| 18 | Bessette without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. |
| 19 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 20 | **I.    INTRODUCTION** |
| 21 | Christopher Bessette does not believe he is a member of the proposed Indirect-Purchaser |
| 22 | Plaintiff class.  He does not believe he purchased any of the NAND Flash Memory products at |
| 23 | issue in this litigation.  Defendants will not suffer prejudice by the dismissal of Mr. Bessette's |
| 24 | claims.  Accordingly, the Court should grant Mr. Bessette's motion for voluntary dismissal. |
| 25 | **II.   STATEMENT OF FACTS** |
| 26 | On October 18, 2007, Mr. Bessette and others filed a class action complaint on behalf of |
| 27 | Indirect-Purchaser Plaintiffs of NAND Flash Memory products.  *See Wiebe v. Samsung* |
| 28 | |

-1-

NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS OF CHRISTOPHER BESSETTE WITHOUT PREJUDICE;
MEMORANDUM OF LAW IN SUPPORT THEREOF

*Electronics Co., Ltd.*, No. C 07-05332 SBA (N.D. Cal.). On October 30, 2007, the Court consolidated that action with several others as *In re Flash Memory Antitrust Litigation*, No. C 07-0086 SBA (N.D. Cal.). On June 1, 2009, Defendants filed and served answers to the operative complaint. *See, e.g.,* Dkt. Nos. 499, 502-05, 509-11, 513. On July 23, 2009, Indirect-Purchaser Plaintiffs filed a motion to certify a proposed class of "All persons and entities in the United States who, from January 1, 1999 to the present, purchased in the United States NAND Flash Memory indirectly from the Defendants for their own use and not for resale, contained in the following products: flash memory cards, USB flash drives, and flash-based digital media players." *See* Dkt. No. 567 at 1. The class definition identified in the July 23, 2009 motion is narrower than that alleged in Mr. Bessette's original complaint. *Compare* No. C 07-0086 SBA (N.D. Cal.) Dkt. No. 567 at 1, *with* No. C 07-05332 SBA (N.D. Cal.) Dkt. No. 1 at ¶ 52; Bessette Decl., ¶¶ 2-3.

Mr. Bessette, therefore, does not believe he is a member of the proposed Indirect-Purchaser Plaintiff class identified in the July 23, 2009 motion. *See* Bessette Decl., ¶ 4. He does not believe he purchased any of the NAND Flash Memory products identified in the class definition. *Id.* Indirect-Purchaser Plaintiffs have not proffered Mr. Bessette as a class representative and do not intend to do so. As Mr. Bessette is unable to represent the proposed class, however, he seeks permission to voluntarily dismiss his claims without prejudice. *Id.*

## III. ARGUMENT

Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes a court to dismiss a plaintiff's claims at the instigation of the plaintiff on terms that the court considers proper, after a defendant serves an answer. *See* Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."

1  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).  Plain legal prejudice is
2  defined as "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 97.
3  "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary
4  or other burdens appear to be extreme or unreasonable." *Watson v. Clark*, 716 F. Supp. 1354,
5  1356 (D. Nev. 1989).  Absent a finding of plain legal prejudice to the defendants, courts
6  generally allow requests for dismissal without prejudice. *See Hamilton*, 679 F.2d at 145.

7  The Court should grant Mr. Bessette's request to voluntarily dismiss his claims.  Mr.
8  Bessette seeks dismissal of his claims because he does not believe he purchased any of the
9  NAND Flash Memory products at issue in this case and is therefore not a member of the
10 proposed class defined in the Indirect-Purchaser Plaintiff's July 23, 2009 motion.  Mr. Bessette
11 was not proffered as a class representative and has been candid with Defendants that he does not
12 believe he is a member of the proposed class.  His request for voluntary dismissal is not an
13 attempt to conceal or manipulate any facts related to his case.

14 Dismissal of Mr. Bessette's claims will not cause Defendants to suffer any plain legal
15 prejudice.  Defendants have not moved for summary judgment on Mr. Bessette's claims, nor
16 have they spent considerable effort and expense in preparing to try his claims.  Rather, this
17 consolidated litigation is in the midst of class certification discovery.  Defendants' opposition to
18 Indirect-Purchaser Plaintiffs' motion for class certification is not scheduled to be filed until early
19 September.  Under these circumstances, dismissal of Mr. Bessette's claims without prejudice will
20 neither threaten Defendants' legal rights nor cause Defendants to suffer extreme or unreasonable
21 burdens, monetary or otherwise.  Accordingly, Mr. Bessette's motion should be granted.  *See,*
22 *e.g., Chess v. Nieport*, 386 F. Supp. 312, 314 (E.D. Cal. 1974) (granting Rule 41(a)(2) motion
23 filed at an early stage of litigation where defendants would not suffer plain legal prejudice).

24 **IV.    CONCLUSION**

25 For the foregoing reasons, Indirect-Purchaser Plaintiff Christopher Bessette respectfully
26 requests that the Court grant his motion for voluntary dismissal of his claims without prejudice.
27 ///
28

-3-
NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS OF CHRISTOPHER BESSETTE WITHOUT PREJUDICE;
MEMORANDUM OF LAW IN SUPPORT THEREOF

Dated:  August 13, 2009              Respectfully Submitted,

                                                        */s/ Qianwei Fu*
                                                          Qianwei Fu

FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH ZAHID (215418)
PATRICK B. CLAYTON (240191)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL &
MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770
fscarpulla@zelle.com

Dated:  August 13, 2009              Respectfully Submitted,

                                                 */s/ Neil J. Swartzberg*
                                               Neil J. Swartzberg

JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
NANCY L. FINEMAN (124870)
NEIL J. SWARTZBERG (215133)
ARON K. LIANG (228936)
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

    Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Neil J. Swartzberg.

-4-
NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS OF CHRISTOPHER BESSETTE WITHOUT PREJUDICE;
MEMORANDUM OF LAW IN SUPPORT THEREOF

3218497v2