1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Harold A. Barza (Bar No. 80888)
2 | halbarza@quinnemanuel.com
    Harry A. Olivar, Jr. (Bar No. 143089)
3 | harryolivar@quinnemanuel.com
  | 865 South Figueroa Street, 10th Floor
4 | Los Angeles, California  90017-2543
  | Telephone:     (213) 443-3000
5 | Facsimile:      (213) 443-3100

6 | Attorneys for Defendants
  | Samsung Electronics Co., Ltd. and
7 | Samsung Semiconductor, Inc.

8 | [Additional Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| IN RE FLASH MEMORY ANTITRUST LITIGATION | CASE NO. C07-0086 SBA |
|---|---|
| This Document Relates To: | **DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO SUBSTITUTE PARTY PLAINTIFFS, OR IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE COMPLAINT TO SUBSTITUTE PARTY PLAINTIFFS** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date:    October 20, 2009<br>Time:    1:00 p.m. |

## I.  INTRODUCTION

In their so-called Motion to Substitute, the Indirect Purchaser Plaintiffs ("Plaintiffs") ask the Court to dismiss twelve plaintiffs[1] from the lawsuit while their motion for class certification is pending, and to "substitute in" new plaintiffs as proposed class representatives.  Plaintiffs have brought this late motion in an attempt to cure the fact that proposed representative plaintiffs who now seek to withdraw do not have any basis to assert indirect purchaser claims.

Plaintiffs' request is contrary to well-established legal authority, and Plaintiffs do not explain why they waited until the filing of their Motion for Class Certification before requesting this relief from the Court.  Given the long pendency of this purported class action, there is no plausible explanation other than lack of diligence.

The Court has already granted Plaintiffs leave to amend their Consolidated Complaint once, and set a deadline for them to do so.  The Court should not grant leave to amend again, particularly given that the current amendment is untimely, unduly prejudicial, and futile.

## II.  PROCEDURAL HISTORY

On January 5, 2007, the initial Indirect Purchaser class action complaint was filed. [Docket No. 1].  On February 7, 2008, Plaintiffs filed a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of thirty-three indirect purchaser plaintiffs purporting to serve as representatives of statewide damage classes for seventeen states and the District of Columbia.[2]  [Docket No. 310].  Defendants moved to dismiss Plaintiffs' Consolidated Complaint on March 24, 2008.  [Docket Nos. 370, 372-4, 376, 382].  On March 31, 2009, the Court issued an Order partially granting Defendants' motions to dismiss.  [Docket No. 478].  The Court found that the Consolidated Complaint failed to name any representatives for the proposed state classes of Alabama, Arizona, Hawaii, Mississippi, Nebraska, Nevada, or New Hampshire and for that reason

---

[1] The plaintiffs seeking to withdraw include the sole proposed representatives for Arkansas, District of Columbia, Florida, Iowa, Kansas, New York, and Tennessee.

[2] The seventeen states included in the Consolidated Complaint were Arkansas, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, New Mexico, New York, North Carolina, Rhode Island, South Dakota, Tennessee, West Virginia, and Wisconsin.

dismissed the second, third, and fourth claims for relief pertaining to those state law claims with leave to amend.[3]  *Id.*  The Court set a deadline of May 1, 2009 for the filing of an amended complaint correcting the deficiencies noted in the Court's Order.  *Id.*

On the May 1, 2009 deadline, Plaintiffs filed their First Amended Consolidated Complaint ("Amended Consolidated Complaint"), naming the following indirect purchaser plaintiffs as representatives, with those plaintiffs now seeking to withdraw in bold below:

| | |
|---|---|
| <u>Arizona:</u> | Peter DeChristopher, Ina Fryer, **Sarah Hecht (withdrawing)** |
| <u>Arkansas:</u> | **Jean McClellan-Chambers and Jamac Enterprises (withdrawing)** |
| <u>California:</u> | **Trong Nguyen (withdrawing)**, **Jason Perkins (withdrawing)**, Joseph Theisen, Dan Harrison, Tristen Woods, Stuart Go, Travis Richardson, Richard Chris Rippel, Calif-Coast Investigative Services, Thomas Nigro, and Alva Dee Cravens |
| <u>D.C.:</u> | **Travis Weibe (withdrawing)** |
| <u>Florida:</u> | **Joshua Steele (withdrawing)** |
| <u>Iowa:</u> | **Benjamin Northway (withdrawing)** |
| <u>Kansas:</u> | **Lindsey Morgan (withdrawing)** |
| <u>Maine:</u> | Joanne Myles |
| <u>Massachusetts:</u> | Peter Burke |
| <u>Michigan:</u> | Andrew Kindt |
| <u>Minnesota:</u> | James Burt, Martha Mulvey |
| <u>New Hampshire:</u> | Harold Moore |
| <u>New Mexico:</u> | Anthony Cardinale |
| <u>New York:</u> | **Kelly Fahner (withdrawing)** |
| <u>North Carolina:</u> | Donna Jeanne Flanagan |
| <u>Rhode Island:</u> | Sandra Green |
| <u>South Dakota:</u> | **Christopher Bessette (withdrawing)** |
| <u>Tennessee:</u> | **George Davis (withdrawing)** |

---

[3]  Leave was not granted with respect to the Arkansas claims.

|   |   |   |
|---|---|---|
| 1 | <u>West Virginia:</u> | Eric Ferguson, Michael Chek |
| 2 | <u>Wisconsin:</u> | Thomas Huh, **Jai Paguirigan (withdrawing)** |

On May 20, 2009, the Court held a Case Management Conference and set the hearing on Plaintiffs' class certification motion for October 20, 2009, with the stated expectation that the case would be trial-ready by mid-2010. [Docket No. 490]. Plaintiffs were ordered to file their motion for class certification by July 21, 2009. *Id.*

On June 24, 2009, Judge Spero ordered Plaintiffs to provide expedited responses to Defendants' pending discovery requests and to produce half of their proposed representatives for deposition by July 21, 2009. [Docket No. 531]. He further ordered Plaintiffs to produce the remaining proposed representatives for deposition no later than August 18, 2009. *Id.*

On July 21, 2009, Plaintiffs filed their Motion for Class Certification. [Docket Nos. 560, 567]. That same day, Plaintiff also filed a "Motion to Substitute Party Plaintiffs," seeking to withdraw the above-noted plaintiffs as representatives on the grounds that they "will not adequately represent the interests of class members from their respective jurisdictions." Mot. at 2:3-6. Plaintiffs have requested leave of Court to amend the Amended Consolidated Complaint filed May 1, 2009 to add the following individuals and entities as new proposed class representatives: Scott Kiburz (Arizona); Mark Miles (Arkansas); Dona Culver (District of Columbia); David Deehl and Deehl & Carlson, P.A. (Florida); Ted Charles Nixon (Iowa); Scott B. Wilson (Kansas); Michael Calabrese (New York); and Cory Wiles (Tennessee).[4] *Id.*

The representatives seeking to withdraw have served written responses to Defendants' interrogatories; in their written responses, however, the withdrawing representatives for Arizona, Arkansas, California, District of Columbia, Florida, Iowa, Kansas, New York, and Wisconsin failed to identify any indirect purchases that any of them made during the proposed class period. *See* Declaration of Yonaton Rosenzweig ("Rosenzweig Decl.") Ex. A at 5:10-11 (stating in response to Interrogatory No. 2 seeking identification of each purchase of products containing

---

[4] Trong Nguyen, Jason Perkins, and Jai Paguirigan are withdrawing as plaintiffs but have not proposed any "substitute" representatives. Mot. at 3 n. 2.

NAND flash that plaintiff is "unable to respond to this Interrogatory at this time"); Exs. B-J (same). With two exceptions, the withdrawing representatives refused to appear for depositions ordered by Judge Spero on the grounds that they are withdrawing. *Id.* Exs. O-S. Plaintiffs also failed to respond to requests that they provide the basis for their withdrawals. *Id.* Exs. K-O.

## III.    ARGUMENT

This Court already warned Plaintiffs once that their state law claims cannot proceed unless a named representative exists for each of the proposed state classes. [Docket No. 478]. Specifically, on March 31, 2009, the Court dismissed Plaintiffs' second, third, and fourth claims for relief on the grounds that the Consolidated Complaint failed to name any representatives for the proposed Alabama, Arizona, Hawaii, Mississippi, Nebraska, Nevada, or New Hampshire classes. *Id.* at 38:19-39:10. Plaintiffs were given a deadline of May 1, 2009 to file an Amended Consolidated Complaint either naming individuals who could adequately represent those classes or dropping those state law claims. *Id.* at 40:21-22. The Court's Order was issued during the second year of the case's pendency; by the time it was issued, Plaintiffs had already had ample time to locate adequate representatives for each of the proposed classes.

Yet now, months after the May 1, 2009 amendment deadline, nearly one-third of the proposed representatives named in the Amended Consolidated Complaint are seeking to withdraw on the grounds that they are "inadequate." Plaintiffs' sole justification for this dramatic proposed change in plaintiffs is that withdrawals and substitutions are necessary because of Plaintiffs' "further refinement of the class definition and class certification theory." Mot. at 2:3-4. Plaintiffs do not cite to any evidence supporting this purported justification for their late request, which is insufficient even under the most lenient standards. Plaintiffs' unilateral decision to make multiple changes in proposed representatives at this late stage contravenes the Court's March 31 Order on the Motion to Dismiss, the May 21 Order setting the class certification briefing schedule, and Judge Spero's  June 24 Order on discovery. As set forth herein, Plaintiffs' failure to adhere to the schedule imposed by this Court is inexcusable, and their request for leave to amend is unjustified, does not comport with the governing legal standards, and should be denied.

### A. The Withdrawing Representatives May Not Seek Leave to Amend Because They Cannot Show They Have Indirect Purchaser Claims

Plaintiffs argue that the Court may freely add or drop parties at any time pursuant to Federal Rule 21 or that leave to amend should be liberally granted under Rule 15. This is only correct if the party seeking to join parties by amending the complaint is a proper plaintiff with standing. "[W]here a plaintiff never had standing to assert a claim against defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs." *Summit Office Park v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981). Plaintiffs bear the burden of demonstrating standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Specifically, they "'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey,* 518 U.S. 343, 354 (1996).

The sole proposed representatives for Arkansas, District of Columbia, Florida, Iowa, Kansas, and New York – who are moving to "substitute" new representatives for their respective states – have not met their burden of demonstrating standing. *In re Polyproylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609 (N.D. Ga. 1997) (to act as class representatives, a plaintiff must adduce evidence, including receipts, showing he or she purchased the relevant product). Each of these plaintiffs refused to provide substantive discovery responses and refused to appear for their ordered depositions. As a result, there is no evidence before the Court that any of these withdrawing representatives purchased any NAND flash products during the class period. *See* Rosenzweig Decl. Ex. B, E-I (interrogatory responses). It is likely that they purchased no such products, but it does not matter: having failed to produce evidence showing they have claims, and having refused to comply with their Court-ordered discovery obligations, the only relief to which these withdrawing plaintiffs are entitled is dismissal. *Summit Office Park*, 639 F.2d at 1282-83.

### B. Leave to Amend Should Not Be Granted a Second Time, After the Court's Deadline, to Cure the Inexcusable Failure to Name Proper Plaintiffs

Plaintiffs have also failed to demonstrate that they are entitled to amend their claims under the relevant standards. Plaintiffs base their motion entirely on Federal Rules 15, 20, and 21; however, given that the Court-ordered deadline for amendment has passed, Plaintiffs' motion is

governed by Federal Rule 16, which requires a showing of good cause and reasonable diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[The focus of the inquiry [under Rule 16] is upon the moving party's reasons for seeking modification"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Noyes v. Kelly Serv.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). Plaintiffs have failed to demonstrate (or even argue) the existence of good cause or reasonable diligence here. *Mammoth Recreations*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). Nor have Plaintiffs explained why they failed to notify the Court at the Case Management Conference that they would be seeking to withdraw and add representatives. *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 n. 13 (5th Cir. 1985) ("Each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case"), *cert. denied*, 475 U.S. 1017 (1986); *Mammoth Recreations*, 975 F.2d at 609-10 (same).

Further, even under the more lenient Rule 15/Rule 20 standard, the Ninth Circuit has held that leave to amend need not be granted where the proposed amendment is untimely, would cause undue delay, is sought in bad faith, creates undue prejudice, or constitutes an exercise in futility. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Solomon v. N. American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). Most, if not all, of these factors support denial of Plaintiffs' Motion.

        **1.    Plaintiffs' Motion Is Untimely, Threatens Further Delays, and Is Unduly Prejudicial**

Having waited until their class certification filing to request withdrawal of twelve plaintiffs and addition of nine more, Plaintiffs cannot argue that their request is timely. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading"); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (two-year delay unreasonable); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 n. 7 (N.D. Cal. 2006) (denying leave to amend because "[t]he defect in [the plaintiffs'] claims is not due to an 'understandable mistake' of suing the wrong party – rather [plaintiffs] are themselves the wrong parties").

1    The Court should also deny the Motion for another reason: a late amendment would
2 severely prejudice Defendants. Plaintiffs filed the Motion to Substitute on July 21, 2009; it could
3 have been resolved by the Court as early as August 25, 2009, before Defendants were required to
4 file their Opposition to class certification. But Plaintiffs noticed the Motion for hearing on
5 October 20, 2009, to coincide with the hearing on the Motion for Class Certification.
6 Accordingly, by the time the Motion to Substitute is before the Court, class certification discovery
7 and briefing will be closed, not in its "early stages," as Plaintiffs contend. Mot. at 5:19-22. This
8 also supports denial of Plaintiffs' Motion. *See Solomon*, 151 F.3d at 1139 (upholding district
9 court's denial of motion for leave to amend brought on eve of discovery deadline on grounds that
10 motion would have required re-opening discovery, causing undue delay).

11    Plaintiffs argue that Defendants will not be prejudiced by their request for leave to amend
12 because the addition of new plaintiffs "will not revise the factual or legal questions presented."
13 Mot. at 6:8-9. This argument is premised on a fundamental misunderstanding of the legal issues
14 that are relevant at this stage of the proceedings. On Plaintiffs' pending motion for certification,
15 the Court is required as a matter of law to scrutinize the typicality and adequacy of the named
16 plaintiffs in comparison to the proposed class to determine whether certification is justified. *See*
17 Fed. R. Civ. P. 23(a)(3), (4). Changing the proposed representatives necessarily alters this
18 analysis; changing them at the last-minute makes thorough analysis impossible. The late
19 introduction of new proposed representatives, and Plaintiffs' decision to delay the Court's
20 consideration of their Motion to Substitute until the certification hearing, have required
21 Defendants to expend considerable resources briefing a certification motion that is essentially
22 hypothetical. The proposed representatives on which the motion is based have not yet been
23 approved by the Court as plaintiffs. Plaintiffs' inability to get their representatives in order despite
24 having over two years to do so, and the resulting ever-shifting landscape of proposed
25 representatives, has unquestionably interfered with the short time Defendants were given to
26 complete certification discovery, complete their expert analysis, and prepare briefing under the
27 Court-ordered discovery schedule. If the requested substitution is permitted, Defendants will be
28 prejudiced by the eleventh-hour (indeed, twelfth-hour) addition of nine new plaintiffs into this

already compressed schedule.[5]

### 2. Leave to Amend Is Also Futile

Leave to amend should also be denied on the grounds that it is futile, because certification of any indirect purchaser class is inappropriate under Rule 23. Specifically, with respect to the proposed statewide damages classes, Plaintiffs have failed to show that "questions of law or fact common to class members predominate over any questions affecting only individual members" under Rule 23(b)(3). *See* Defendants' Opp. to IPP Class Cert. at 6:25-22:10. In fact, Plaintiffs have offered no reliable method for demonstrating, through common proof, that any alleged overcharges resulting from a purported price-fixing conspiracy would have been passed through to all indirect purchasers; instead, Plaintiffs' own evidence shows that individual issues concerning impact and injury will predominate at trial. *Id.* And Plaintiffs have also failed to demonstrate that certification is appropriate under Rule 23(b)(2). *See id.* at 22:11-23:4.

Leave to amend is also inappropriate with respect to the Arkansas, District of Columbia, Iowa, Kansas, and New York classes because the new proposed representative for each of those states is inadequate. *See id.* at 23:5-24:10, App. A. Rule 23(a) requires proposed class representatives to demonstrate that they are able to "adequately protect the interests of the class" and that they have claims that are "typical" of absent class members. Fed. R. Civ. P. 23(a). Further, to serve as a class representative, the plaintiff must adduce evidence, *including receipts or invoices*, showing that he or she purchased the relevant product. *In re Polyproylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609 (N.D. Ga. 1997) ("Plaintiffs must adduce evidence showing they purchased carpet from the named Defendants or their co-conspirators during the alleged conspiracy period. Plaintiffs may submit this evidence in the form of affidavits, *with attached*

---

[5] Defendants were still taking depositions of the new proposed representatives after the August 18, 2009 deadline imposed on Plaintiffs by Judge Spero. Rosenzweig Decl. ¶ 33. In addition, many of the proposed representatives have been making substantive amendments to their written discovery responses and producing additional documents *after* their depositions, and one substantively altered his deposition testimony through purported "corrections" to his transcript on September 14, 2009, after Defendants filed their class certification Opposition. *Id.* ¶¶ 21-27; Exs. T-AA.

*receipts*") (emphasis added); *In re OSB Antitrust Litigation*, 2007 WL 2253425, at *14 (E.D. Pa. Aug. 3, 2007).[6]

Marcus Miles, the sole proposed representative for Arkansas, has no documentation relating to his alleged purchases and could not recall the prices paid, the purchase dates, or the stores where the purchases were allegedly made. Miles Tr. at 14:21-15:4; 23:10-14; 24:5-15; 25:4-15; 25:23-26:7; 26:15-27:17; 28:1-23; 35:21-36:14 (Rosenzweig Decl. Ex. DD). Dona Culver, the sole proposed representative for District of Columbia, also lacked documentary proof of her alleged purchases. Culver Tr. at 19:25-21:12; 23:15-17; 28:5-10 (Rosenzweig Decl. Ex. EE). In fact, Culver testified she could not recall the exact prices she paid, whether the alleged purchases were made in the District of Columbia, or even the year they were made. Culver Tr. at 23:15-20; 24:3-9; 25:2-7; 34:7-35:1. Ted Nixon, the sole proposed representative for Iowa, also did not have documentation or receipts reflecting his alleged purchases. Nixon Tr. at 50:9-15 (Rosenzweig Decl. Ex. BB). Although Scott Wilson, the sole proposed representative for Kansas, did have receipts, the receipts he produced showed he was not the actual purchaser. Rosenzweig Decl. at Ex. FF. In addition, the proposed New York representative is inadequate because he has no cognizable claim under New York state law. *See* Calabrese Tr. at 22:23-23:6 (Rosenzweig Decl. Ex. CC) (plaintiff never saw any communication from any defendant and no defendant made any misrepresentation to him); March 31 Order at 33:18-34:21 (misrepresentation directed at indirect purchaser required for claim under New York's consumer protection statute).

**C.   The Lack of Representatives with Claims Provides a Further Ground for Denying Certification of the Proposed Arkansas, District of Columbia, Florida, Iowa, Kansas, New York, and Tennessee Classes**

As this Court noted in its March 31, 2009 Order, state law claims cannot be asserted in the absence of a representative. *See* March 31 Order at 38:24-25 ("Where, as here, a representative

---

[6] Contrary to Plaintiffs' assertion in their class certification reply, the court in *OSB* did not hold that it is sufficient merely to produce photographs as evidence of a purchase. *See id.* at *14. The court held that it was sufficient to prove, via photographic evidence, that the products were manufactured by a particular defendant. In a prior Order, the court noted that the plaintiffs had already produced receipts. Request for Judicial Notice Ex. A (May 24, 2007 Order) ("Plaintiffs … also attach *receipts* and photographs of the purchased OSB products") (emphasis added).

1 plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal."). It necessarily follows that the Plaintiffs cannot move for the certification of state classes that lack an adequate representative. *See E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("[I]t is inescapably clear that the Court of Appeals in any event erred in certifying a class in this case, for the simple reason that it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under Fed. R. Civ. P. 23(a)."); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (dismissing state law claims for which there was no named plaintiff).

The proposed statewide damage classes for Arkansas, District of Columbia, Florida, Iowa, Kansas, New York, and Tennessee all have but a single representative, and that representative is seeking to withdraw. Because Plaintiffs have failed to demonstrate that leave to amend should be granted, the absence of any willing or adequate representative provides an additional ground on which the Court should deny the Indirect Purchaser Plaintiffs' Motion for Class Certification with respect to these states.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Indirect Purchaser Plaintiffs' Motion to Substitute with prejudice, deny their class certification motion, and dismiss the individual claims of those plaintiffs seeking to withdraw.

DATED: September 29, 2009

By: _____/s/_____
Harold A. Barza
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.*

By: ___/s/___
  Craig P. Seebald
  Pamela Marple
  Vincent van Panhuys
  McDERMOTT WILL & EMERY LLP
  600 Thirteenth Street, N.W.
  Washington, D.C. 20005-3096
  Telephone: (202) 756-8000.
  Facsimile: (202) 756-8087

  Matthew Jacobs
  McDERMOTT WILL & EMERY LLP
  275 Middlefield Road, Suite 100
  Menlo Park, California 94025
  Telephone: (650) 815-7400
  Facsimile: (650) 815-7401

*Counsel for Defendants Renesas Technology Corp., Renesas Technology America, Inc. and Hitachi, Ltd.*

By: ___/s/___
  Frank M. Hinman
  BINGHAM MCCUTCHEN LLP
  Three Embarcadero Center
  San Francisco, California 94111
  Tel: (415) 393-2000
  Fax: (415) 393-2286

  Richard S. Taffet
  BINGHAM MCCUTCHEN LLP
  399 Park Avenue
  New York, New York 10022-4689
  Telephone: (212)705-7000
  Facsimile: (212) 752-5378

*Counsel for Defendant SanDisk Corporation*

By: ___/s/___
  Daniel M. Wall
  Belinda S Lee
  LATHAM & WATKINS LLP
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111
  Telephone: (415) 391-0600
  Facsimile: (415) 395-8095

  Charles R. Price
  LATHAM & WATKINS LLP
  555 11th Street, N.W.
  Washington, D.C. 20004
  Telephone: (202) 637-2200
  Facsimile: (202) 637-2201

*Counsel for Defendants Toshiba Corporation and Toshiba America Electronic Components, Inc.*

By: ___/s/___
  Michael F. Tubach
  O'MELVENY & MYERS LLP
  Two Embarcadero Center, 28th Floor
  San Francisco, California 94111
  Telephone: (415) 984-8700
  Facsimile: (415) 984-8701

  Kenneth R. O'Rourke
  O'MELVENY & MYERS LLP
  400 South Hope Street
  Los Angeles, California 90071
  Telephone: (213) 430-6000
  Facsimile: (213) 430-6407

*Counsel for Defendants Hynix Semiconductor America Inc. and Hynix Semiconductor Inc.*