UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE FLASH MEMORY ANTITRUST LITIGATION<br><br>This Document Relates to All Actions. | Case No:  C 07-0086 SBA<br><br>**ORDER DENYING DIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND ORDER TO SHOW CAUSE RE DISMISSAL**<br><br>Docket 632 |

Plaintiff Timothy Chanda ("Chanda"), on behalf of a putative class of Direct Purchaser Plaintiffs of NAND flash memory, brings the instant action, pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, alleging that various manufacturers conspired to artificially inflate the price of flash memory.  The parties are presently before the Court on Direct Purchaser Plaintiffs' Motion for Leave to Amend Complaint.  Docket 632.  In his motion, Chanda seeks to join two new, additional class representatives:  (1) Westell, Inc. ("Westell"); and (2) A Computer Place, Inc. ("ACP").  Pl.'s Mot. at 2.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

I.    **BACKGROUND**

On February 20, 2007, Chanda and ACP, a now-dissolved Florida corporation, filed a putative direct purchaser class action complaint against various manufacturers of NAND flash memory.  See A Computer Place, et al. v. Samsung Elec. Co., Ltd., et al., C 07-1020 SBA, Brewer Decl. Ex. A, Docket 664.  Chanda and ACP alleged in their complaint that they

purchased flash memory from Samsung Electronics Company Ltd., Hitachi America, Ltd. and Mitsubishi Electric and Electronics USA, among a host of others.  Id. ¶¶ 10, 13, 22.  Between February 26, 2007, and October 26, 2007, a number of law firms filed eight similar class action complaints on behalf of a variety of representative direct purchaser plaintiffs.  Brewer Decl. Exs. B-I.   One such complaint was filed by Westell Technologies, Inc. ("WTI").  See Westell Techs. Inc. v. Samsung Elec. Co., Ltd., et al., C 07-4944 SBA, Brewer Decl. Ex. G.

On October 17, 2007, the Court consolidated all of the individual direct purchaser actions in accordance with Federal Rule of Civil Procedure 42(a).  Docket 194.  The Court appointed Chanda's counsel to serve as Interim Lead Counsel.  Docket 268.  On February 7, 2008, Chanda, as the sole class representative, filed a Consolidated Direct Purchaser Class Action Complaint ("Consolidated Complaint"), alleging that Defendants violated Section 1 of the Sherman Act.  Docket 310.  In the Consolidated Complaint, Chanda, a Florida resident, claims that he purchased NAND flash memory from one or more Defendants, and was injured as a result of Defendants' collusive conduct.  Id.[1]  No other persons or entities are named as plaintiffs in the Complaint.

In accordance with the Court's scheduling order, on July 21, 2009, Chanda filed a motion for class certification on behalf of:  "All persons and entities who during the period from January 1, 1999 to February 8, 2008, purchased NAND Flash memory in the United States directly from one or more Defendants or their subsidiaries."  Direct Purchaser Pls.' Mot. for Class Certification at 1.  On the same date, Chanda also filed a motion for leave to amend in which he requested that WTI replace him as class representative.  Docket 550.  Though the motion to amend had not yet been ruled upon, Chanda's motion for class certification assumed that the Court would grant his request, and correspondingly argued that certification should be granted with WTI as the representative of the class.

---

[1] The named Defendants are:  Samsung Electronics Company Ltd.; Samsung Semiconductor, Inc.; Hitachi, Ltd.; Renesas Technology Corporation; Renesas Technology America, Inc., f/k/a Hitachi Semiconductor (America), Inc.; Hynix Semiconductor, Inc.; Hynix Semiconductor America, Inc.; Mitsubishi Electric and Electronics U.S.A., Inc.; Mitsubishi Electric Corporation; SanDisk Corporation; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Electronic Components, Inc.

On July 31, 2009, Defendants deposed Chanda, at which time the reasons for the proposed change in class representatives became apparent.  Specifically, Chanda testified that he, in fact, had *not* personally purchased any NAND flash memory from any of the Defendants. Id. Ex. S at 66:14-67:19.  He also testified that he was completely unaware that his attorneys had filed a motion to replace him as a class representative.  Id. at 106:10-107:17; 112:2-117:24. In accordance with Federal Rule of Civil Procedure 30(b)(6), Defendants also took the deposition of WTI, through its designee, Mark Skowronski, who admitted that WTI also had not made any direct purchases of flash memory from Defendants.  Id. Ex. Y at 109:3-21.

On September 1, 2009, Defendants filed their opposition to Chanda's motion for class certification and pointed out that both Chanda and WTI had made no direct purchases of NAND flash memory.  Docket 594.  On September 14, 2009, Chanda—apparently in response to the arguments made in Defendants' opposition—withdrew his original motion for leave to amend, and replaced it with another motion to amend.  Docket 631, 632.  Instead of seeking to replace himself with WTI as the class representative, Chanda's new motion to amend seeks to join Westell and ACP as additional class representatives.  Docket 632.  Defendants oppose leave to amend.[2]  Initially, Defendants argue that because Chanda never purchased NAND flash memory, he lacks standing to seek leave to amend.  In addition, they argue that the motion for leave to amend, filed thirty months after Chanda filed his original complaint, is untimely, and that the joinder of new parties would be unduly prejudicial.  The Court analyzes these issues, in turn.

## II.   **LEGAL STANDARD**

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires."  Generally, leave to amend is to be granted with "extreme liberality."

---

[2] Defendants Hitachi, Ltd., Renesas Technology America, Inc. and Renesas Technology Corporation (collectively "Hitachi") filed a statement of non-opposition as to the proposed joinder of Westell, but oppose leave to amend in other respects.  Docket 671.  According to Defendants, Hitachi's counsel also represents and/or represented Westell, and that Westell agreed to sign a conflict waiver allowing Hitachi to maintain its present counsel only if Hitachi did not oppose Westell's proposed joinder as a party in this action.  Defs.' Opp'n at 1 n.1, Docket 663.

Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of four factors:  bad faith, undue delay, prejudice to the opposing party, and/or futility."  Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (affirming denial of motion for leave to amend based on futility).

## III.   DISCUSSION

### A.   STANDING TO SEEK LEAVE TO AMEND

It is axiomatic that standing under Article III of the United States Constitution is a threshold requirement in every civil action filed in federal court.  U.S. Const., art. III, § 2, cl. 1; Elk Grove Unified Sch. Dist. v. Newdow, 524 U.S. 1, 11 (2004) ("In every federal case, the party bringing the suit must establish standing to prosecute the action.").  To satisfy the standing requirement of Article III, there must be the "irreducible constitutional minimum" of an injury-in-fact.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical."  Id. (internal citations and quotation marks omitted).  "Standing is determined as of the commencement of litigation."  Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1170 (9th Cir. 2002).  The party seeking relief "bears the burden of showing that he has standing for each type of relief sought."  Summers v. Earth Island Inst., --- U.S. ---, ---, 129 S.Ct. 1142, 1149 (2009).

A class representative must, in addition to being a member of the class he purports to represent, establish the existence of a case or controversy, i.e., have standing himself to sue.  O'Shea v. Littleton, 414 U.S. 488, 494 (1974).  "If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.'"  Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1990) (quoting O'Shea, 414 U.S. at 494); see also Douglas v. U.S. Dist. Court for Cent. Dist. of Calif., 495 F.3d 1062, 1069 (9th Cir. 2007) (holding that a plaintiff whose individual claim was rendered moot by an arbitration award "would lose his status as class representative because he would no longer have a concrete stake

in the controversy.").  Here, there is no dispute between the parties that Chanda—the only plaintiff named as a class representative in the Consolidated Complaint—was never a direct purchaser of any NAND flash memory.  Brewer Decl. Ex. S at 66:14-67:19 ("Have I personally purchased anything from these companies?  Personally, no.").  As such, Chanda has no standing to maintain this action, let alone standing to seek leave to amend the complaint.

Chanda nevertheless insists that he is not required to establish standing "from the inception of the lawsuit" as a prerequisite to seeking leave to amend.  Pl.'s Reply at 2.  This contention lacks merit.  A party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action.  McMichael v. County of Napa, 709 F.2d 1268, 1269 (9th Cir. 1983) ("Before the judicial process may be invoked, a plaintiff must 'show that the facts alleged present the court with a "case or controversy" in the constitutional sense and that [he] is a proper plaintiff to raise the issues sought to be litigated.'").  As such, "a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists."  Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 115 (D.D.C. 1999) (denying motion to amend to substitute party with standing to bring a patent infringement claim to replace plaintiff who lacked standing), aff'd, 252 F.3d 1320 (Fed. Cir. 2001) (citations and internal quotations omitted); Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co., 700 F.2d 889, 893 (2d Cir. 1983) ("The longstanding and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'") (quoting Pianta v. H.M. Reich Co., 77 F.2d 888, 890 (2d Cir. 1935)); Vianix Del. LLC v. Nuance Commc'ns, Inc., 2009 WL 1364346 at *2 (D. Del. May 12, 2009) (denying plaintiff's motion for leave to amend to substitute a party with standing where plaintiff lacked standing at the inception of the case).  The case law is thus clear that Chanda cannot cure his admitted lack of standing by seeking leave to amend under Rule 15 to join parties who allegedly did, in fact, directly purchase NAND flash memory from Defendants.  On this basis alone, Chanda's motion for leave to amend must be rejected.

**B.      DISCRETIONARY FACTORS RELATING TO LEAVE TO AMEND**

      1.      **Prejudice**

Even if Chanda had standing to seek leave to amend, the result of the motion would remain unchanged.  As an initial matter, the Court finds that permitting the joinder of Westell and ACP at this juncture would be unduly prejudicial to Defendants.  Since the filing of the Consolidated Complaint on February 7, 2008, Defendants have reasonably and appropriately operated under the belief that Chanda would seek class certification as the representative of the class, and conducted their discovery accordingly.  Yet, when Chanda filed his motion for class certification over a year later on July 21, 2009, he attempted to substitute himself with an entirely new entity, WTI, as the class representative.  Although the Court had not granted his request for leave to allow the substitution of WTI, Chanda nonetheless filed his motion for class certification assuming that leave would be summarily granted.  When Defendants pointed out that WTI, like Chanda, admitted to making no direct purchases of NAND flash memory, Chanda switched course again.  Specifically, instead of arguing that the class should be certified with WTI as the class representative, Chanda argued in his reply brief that the class should be certified based on non-parties Westell and ACP serving as class representatives.[3]

To permit Chanda to join ACP and Westell as class representatives would effectively moot significant aspects of the briefing on the motion for class certification, since neither of these proposed class representatives are mentioned anywhere in Chanda's moving papers.  Likewise, Defendants will have wasted much of their resources on discovery and other matters to the extent that they were dependent upon Chanda, as opposed to entities not named in the Consolidated Complaint, serving as representatives of the class.  The proposed amendment also would result in prejudice to Defendants because it likely will necessitate additional discovery

---

[3] Chanda's attempt to salvage his motion for class certification by arguing in his reply that Westell and ACP are appropriate class representatives is improper.  The law is well settled that a "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted); Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 995 (9th Cir. 2009) (arguments that are "not specifically and distinctly argued in [the] opening brief" are waived) (internal quotation marks and citations omitted).

1    as to the new parties.  See In re HP Inkjet Printer Litig., 2008 WL 2949265, at *7 (N.D. Cal.,

2    July 25, 2008) (concluding that "Plaintiffs' request to amend the complaint to add a third

3    named plaintiff should be denied because it would cause undue delay and prejudice by

4    requiring [Defendant] to conduct costly discovery and also because the amendment would be

5    futile"); Fraker v. Marysville Exempted Village Schools, -- F. Supp. 2d --, --, 2010 WL

6    785283, at *3 (S.D. Ohio, Mar. 8, 2010) (finding that defendants "would be severely

7    prejudiced if they were added at this late juncture, having been deprived of their right to

8    conduct discovery and file dispositive motions.").

9          Attempting to minimize Defendants' claims of prejudice, Chanda argues that there is

10   "no practical difference" between Chanda, Westell, WTI and ACP.  Pl.'s Reply at 2.  This

11   argument misses the point.  Identifying a proper class representative is not the perfunctory,

12   inconsequential act that Chanda purports it to be.  In deciding whether to certify a class action

13   under Rule 23, a district court must consider, among other things, whether "the claims or

14   defenses of the representative parties are typical of the claims or defenses of the class," and

15   whether the "representative parties will fairly and adequately protect the interests of the class."

16   Fed.R.Civ.P. 23(a)(3)-(4).  This necessarily requires consideration of the named plaintiff's

17   ability to serve as a class representative.  See Rodriguez v. Hayes, 591 F.3d 1105, 1122 (9th

18   Cir. 2010) ("The commonality requirement will be satisfied if the *named plaintiffs* share at

19   least one question of fact or law with the grievances of the prospective class") (emphasis

20   added); Hanon, 976 F.2d at 508 ("The purpose of the typicality requirement is to assure that the

21   interest of the *named representative* aligns with the interests of the class") (emphasis added);

22   Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003) ("Rule 23(a)(4) permits the

23   certification of a class action only if the *representative parties* will fairly and adequately

24   protect the interests of the class") (emphasis added).  As such, the alleged relationship between

25   Chanda, Westell, WTI and ACP does not dispense with the "rigorous" analysis the Court must

26   conduct in considering whether class certification is warranted.  See Zinser v. Accufix

27   Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir.) ("the trial court must conduct a 'rigorous

28

- 7 -

1   analysis' to determine whether the party seeking certification has met the prerequisites of Rule

2   23"), amended, 273 F.3d 1266 (9th Cir. 2001) (citation omitted)

3          **2.      Undue Delay**

4          Prejudice aside, Chanda has offered no explanation why he waited thirty months after

5   commencing suit and eighteen months after filing the Consolidated Complaint (on behalf of a

6   class that he has no standing to represent) before seeking leave to join new class

7   representatives.  The fact that Chanda never directly purchased any NAND flash memory from

8   any of the Defendants should have been ascertained by his counsel prior to filing this action.

9   See Jackson, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving

10  party knew or should have known the facts and theories raised by the amendment in the

11  original pleading.").  Even then, Chanda's revelation that he lacks standing—and his

12  corresponding need to find a class representative who actually purchased the products at

13  issue—were the result of information gleaned *by Defendants*.  It was Defendants who, during

14  Chanda's deposition, uncovered the fact that he was *not* a direct purchaser.  Likewise, when

15  Chanda hastily sought to add WTI, it again was Defendants who uncovered the fact that it too

16  had made no direct purchases.  Thus, Chanda's assertion that he acted "expeditiously" in

17  seeking leave to amend is simply not credible.  To the contrary, the scenario created by Chanda

18  and his counsel is particularly troubling.

19         **3.      Futility**

20         Finally, permitting the joinder of new class representatives, at least with respect to ACP,

21  would be futile.  See Bonin, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the

22  denial of a motion for leave to amend.").  The record confirms that ACP was administratively

23  dissolved by the state of Florida in September 2006, five months before ACP even filed its

24  original complaint along with Chanda.  Brewer Decl. Ex. S.  Under Florida law, "[a]

25  corporation administratively dissolved continues its corporate existence but may not carry on

26  any business except that necessary to wind up and liquidate its business and affairs under s.

27  607.1405 and notify claimants under s. 607.1406."  Fla. Stat. § 607.1421(3); Paradise

28  Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1307-308 (Fed. Cir. 2003) (noting that

dissolved corporation's capacity to sue is limited to matters "necessary to wind up and liquidate its business and affairs.") (citing <u>Cygnet Homes, Inc. v. Kaleny Ltd. of Fla.</u>, 681 So.2d 826, 826 (Fla. Dist. Ct. App.1996)).  Liquidation and winding up corporate affairs consists of:  (a) collecting the corporation's assets; (b) disposing of its properties that were not otherwise distributed to shareholders; (c) discharging liabilities; (d) distributing remaining property among shareholders according to their interests; and (e) other acts necessary to wind up and liquidate its business and affairs.  Fla. Stat. § 607.1405.

It is beyond cavil that pursuing a class action cannot be deemed part of ACP's effort to "wind up and liquidate its business and affairs . . . ."  Fla. Stat. § 607.1421(3).  First, ACP's initial complaint was not filed until five months after ACP had already dissolved.  Second, the amount of ACP's purchases of flash memory was small and insignificant in comparison to its overall business.  Brewer Decl. Ex. S at 87:16-88:25.  Third, what little flash memory ACP purchased was from SanDisk only, which was not even named in the complaint that it and Chanda initially filed.  <u>Id.</u> at 73:9-16.  The fact that ACP failed to name the *only* party from which it purchased NAND flash memory strongly supports the conclusion that ACP's suit was unrelated to the winding up and liquidation of its business and affairs.  But even if ACP's earlier suit could be reasonably construed as necessary to wind up the company's affairs— which it cannot—ACP's class claims would undoubtedly fail because it has no documentary proof that it purchased any flash memory.  <u>See In re Polypropylene Carpet Antitrust Litig.</u>, 178 F.R.D. 603, 609 (N.D. Ga. 1997)  ("The Court agrees that, in order for Plaintiffs to possess standing to act as class representatives, Plaintiffs must adduce evidence showing they purchased carpet from the named Defendants or their co-conspirators during the alleged conspiracy period.").

Tellingly, Chanda fails to respond to any of Defendants' arguments regarding ACP, other than to note, without citation to any legal authority, that Florida law does not foreclose a dissolved corporation from serving as a class representative.  Pl.'s Reply at 5.  That argument misses the point entirely.  Though it certainly is questionable whether a dissolved corporation can serve as a class representative, that issue is not before the Court.  Rather, Defendants'

1   argument is that ACP's efforts to assume the role as a class representative should not be

2   allowed where, as here, the record makes it clear that the pursuit of such legal action is

3   unnecessary to wind up and liquidate its business.  The fact that Chanda neglected to respond

4   to this critical point amounts to a tacit concession of its validity.

5       **C.    ORDER TO SHOW CAUSE**

6       "Federal courts are courts of limited jurisdiction.  They possess only that power

7   authorized by Constitution and statute, which is not to be expanded by judicial decree."

8   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The court is presumed

9   to lack jurisdiction unless the contrary appears affirmatively from the record.  DaimlerChrysler

10  Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).  Federal courts have a duty to examine

11  jurisdiction sua sponte before proceeding to the merits of a case.  See United Investors Life Ins.

12  Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to

13  establish subject matter jurisdiction is not contingent upon the parties' arguments").  "If the

14  court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

15  action."  Fed.R.Civ.P 12(h)(3).  As discuss above, Chanda lacks standing to maintain this

16  action because he never directly purchased any NAND flash memory from any Defendant.

17  The Court will therefore direct him to show cause why the instant action should not be

18  dismissed for lack of subject matter jurisdiction.

19  **IV.   CONCLUSION**

20      For the reasons set forth above,

21      IT IS HEREBY ORDERED THAT

22      1.    Direct Purchaser Plaintiffs' Motion for Leave to Amend is DENIED.

23      2.    By no later than fourteen days from the date this Order is filed, Direct Purchaser

24  Plaintiffs shall show cause in writing why the instant action should not be dismissed for lack of

25  jurisdiction.  Defendants shall file their response fourteen days thereafter.  The parties'

26  respective memoranda shall not exceed ten pages in length.  The Court will deem the matter

27  under submission upon the filing of Defendants' memorandum.

28

1         3.     This Order terminates Docket 632.

2         IT IS SO ORDERED.

3    Dated:  June 9 , 2010

                                      SAUNDRA BROWN ARMSTRONG

4                                         United States District Judge