*Counsel Listed on Signature Block*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| IN RE FLASH MEMORY ANTITRUST LITIGATION | CASE NO. C07-0086 SBA |
|---|---|
| | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| This Document Relates To:<br><br>ALL ACTIONS | Date: June 23, 2011<br>Time: 3:45 p.m.<br>Courtroom: Telephonic -- (510) 637-3559<br>Hon. Saundra Brown Armstrong |

03498.22795/4192669.1

Pursuant to the Federal Rules of Civil Procedure, the Court's Standing Order and the Standing Order for All Judges of the Northern District of California, and the Court's April 6, 2011 Civil Case Management Conference Minutes (Dkt. No. 742), Indirect Purchaser Plaintiffs ("Plaintiffs") and Defendants hereby submit this Joint Case Management Conference Statement in advance of the telephonic Case Management Conference on June 23, 2011.

**1.    Jurisdiction and Service**

    a.    <u>Subject Matter Jurisdiction</u>

        i.    <u>Plaintiffs' Statement</u>

Plaintiffs allege price-fixing and other anticompetitive conduct in the market for NAND flash memory. Plaintiffs bring claims under the California Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and similar laws of the various states, as well as under Section 1 of the Sherman Act, 15 U.S.C. § 1 for injunctive relief. The Court has jurisdiction over Plaintiffs' claim for injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, under 28 U.S.C. §§ 1331 and 1337. Plaintiffs have not been provided discovery concerning Defendants' liability, but note that several of the defendants have either pled guilty or are the subjects of pending investigations of violations of the Sherman Act, 15 U.S.C. §§ 1 *et seq.* These criminal investigations involve industries such as cathode ray tubes, TFT/LCD panels, and optical disk drives. Some of these defendants continued their violations of the Sherman Act even after having pled guilty to violating the Sherman Act in relation to prior investigations, such as dynamic random access memory. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and 28 U.S.C. § 1332, and the Court should continue to exercise jurisdiction over these claimsThe Court also has jurisdiction over the state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711 to 1715.

        ii.    <u>Defendants' Statement</u>

The Court continues to have jurisdiction over Plaintiffs' federal claim for injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, although the Court has already found that "any concerns of future harm are negligible." Order Denying Indirect-Purchaser Plaintiffs'

1  Motion for Class Certification, at 10 (Docket # 724.)  Given the denial of plaintiffs' motion for
2  class certification, this Court no longer has subject matter jurisdiction over plaintiffs' state-law
3  claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 to 1715.  The remaining state-
4  law claims also do not meet the $75,000 amount in controversy required for diversity jurisdiction
5  under 28 U.S.C. § 1332.  Further, the Court's exercise of supplemental jurisdiction over the state-
6  law claims is no longer warranted.  See 28 U.S.C. § 1367.

      b.    Personal Jurisdiction

The parties agree that there are no personal jurisdiction issues for any Defendants.

      c.    Service

The parties agree that all Defendants have been served or their respective counsel have stipulated to accept service on their behalf.

**2.  Facts**

      a.    Plaintiffs' Statement

These actions arise from an alleged conspiracy to fix the prices of NAND flash memory, a form of electronic memory that may be erased and reprogrammed.  NAND flash memory is used for easy and fast information storage.  NAND flash memory is used as a stand-alone product (such as removable memory cards for digital cameras and computers) as well as a component of computer, consumer electronics and other electronics products (such as personal computers, digital media players, mobile phones, and video game consoles).  Defendants are foreign and domestic manufacturers and their affiliated companies.

Plaintiffs allege that Defendants' price-fixing conspiracy began in approximately January of 1999 and is continuing to the present.  The conspiracy has been carried out through agreements to fix prices and restrict output and has been facilitated by a variety of means as alleged in the consolidated amended complaint.

Defendants SanDisk, Toshiba, Samsung, and Renesas (the joint venture of Hitachi and Mitsubishi), have acknowledged receiving grand jury subpoenas in connection with the Department of Justice's ("DOJ") investigation of price-fixing in the NAND flash memory industry.

b.  Defendants' Statement

Plaintiffs' Consolidated Amended Complaint relies heavily on allegations that certain of the Defendants have acknowledged receiving grand jury subpoenas in connection with the investigation by the Department of Justice ("DOJ") of price-fixing in the NAND flash memory industry. On or about July 23, 2009, each of the Defendants that had received a grand jury subpoena was informed by the DOJ that its investigation into NAND Flash had concluded.

Defendants deny Plaintiffs' allegations of any antitrust conspiracy or other wrongdoing.

3.  **Legal Issues**

a.  Plaintiffs' Statement

The primary issues are:

    i.  Whether classes of persons and entities who purchased NAND flash memory indirectly from Defendants should be certified and whether Plaintiffs adequately represent those classes;

    ii.  Whether Defendants engaged in a contract, combination or conspiracy to fix, maintain or stabilize the prices of, and/or allocate the markets for, NAND flash memory in the United States;

    iii.  Whether the conduct of Defendants that is allegedly unlawful under the Sherman Act and the various state antitrust and unfair competition laws caused prices of NAND flash memory in the United States to be artificially high and at anti-competitive levels; and

    iv.  Whether Plaintiffs and other members of the classes alleged by Plaintiffs were injured by the alleged unlawful conduct of Defendants and, if so, the appropriate class-wide measure of damages.

b.  Defendants' Statement

Defendants respectfully suggest that the legal issues include, but are not limited to:

    i.  Whether Defendants are entitled to judgment in their favor on Plaintiffs' claim for injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, for alleged violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

ii. Whether the Court should retain supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

iii. The extent to which Plaintiffs' claims are subject to dismissal under the Foreign Trade Antitrust Improvements Act;

iv. Whether Plaintiffs have standing to assert their claims and/or whether certain Plaintiffs' claims should be dismissed due to lack of adequate proof of relevant purchases or damages;

v. Whether Defendants engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize the prices of, and/or allocate the markets for, "flash memory" in the United States;

vi. Whether "flash memory" constitutes a single relevant market and, if not, whether there is a sufficient product market definition;

vii. Whether the conduct of Defendants that is allegedly unlawful under the applicable laws caused prices of "flash memory" in the United States to be supracompetitive;

viii. Whether the alleged unlawful conduct of Defendants resulted in injury to Plaintiffs and, if so, the appropriate measure of damage; and

ix. Whether certain of Plaintiffs' state law claims fail for a variety of reasons.

4. **Motions**

   a. <u>Plaintiffs' Statement</u>

On April 20, 2011, Plaintiffs filed a Rule 23(f) petition with the Ninth Circuit for permission to appeal the Court's denial of class certification. Plaintiffs anticipate that the Ninth Circuit will rule on the petition before the end of July. If granted, Plaintiffs intend to move for a stay of these proceedings during the pendency of the appeal. Alternatively, if the petition is denied, Plaintiffs may seek to file a revised motion for certification of more narrowly-defined classes. Such a renewed motion for class certification would endeavor to address issues raised by the Court in its order denying class certification by pursuing a significantly narrowed class definition involving limited products, channels and markets.

Separately, Plaintiffs may need to file motions to compel related to discovery requests recently served on some Defendants. These discovery-related issues are discussed further in section 8 below. Any proposed defense motion for summary judgment must await an appropriate opportunity for Plaintiffs to take discovery.

  b. <u>Defendants' Statement</u>

Defendants are prepared to file a motion for summary judgment on the following grounds: (1) there is no evidence of continuing or recurring conduct relating to an ongoing conspiracy that could support a request for injunctive relief; Defendants are thus entitled to judgment in their favor on the sole remaining federal claim, which seeks injunctive relief under the Sherman Act; (2) because the remaining state-law claims do not meet the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. §1332, Plaintiffs' state-law claims should be dismissed pursuant to 28 U.S.C. § 1367.

**5. Amendment of Pleadings**

The parties are conferring on a stipulation for the dismissal of certain named plaintiffs. The parties do not anticipate any further motions for leave to amend.

**6. Evidence Preservation**

The parties and the Court discussed evidence preservation at the initial case management conference in this action, and the parties agreed upon the terms of a preservation order. The Court entered the stipulated preservation order on April 22, 2008.

**7. Disclosures**

The parties have served their respective initial disclosures.

**8. Discovery**

  a. <u>Plaintiffs' Statement</u>

To date, discovery from Defendants has been largely limited to productions by only the U.S. Defendants for only part of the alleged class period, with the foreign Defendants providing virtually no discovery. Discovery from Defendants has consisted of the following:

    i. production of copies of documents that the U.S.-based Samsung, Toshiba, Renesas and SanDisk Defendants previously produced to the Department of

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA

Justice ("DOJ") relating to NAND flash and which cover the 2001-2004 time period (Hynix did not make any production of documents to the DOJ);

ii. production of NAND flash transactional data for U.S. sales, and aggregate data for non-U.S. sales, both of which cover the 1997-2008 time period;

iii. production of sales contracts, as well as some part decoders, product descriptions, and/or cross-reference guides used to analyze transactional data, also for the 1997-2008 time period; and

iv. narrowly-tailored 30(b)(6) depositions of the U.S.-based Defendants regarding their respective NAND flash pricing practices.

Defendants have made some productions of documents relating to class certification issues, but Plaintiffs do not concede that such discovery was complete. To date, discovery from Plaintiffs has been limited to: (1) initial disclosures and written discovery responses; and, (2) depositions of named plaintiffs.

Also, some Third Parties have made productions of transactional data regarding their purchase, use, and/or resale of NAND flash and/or NAND flash products.

Plaintiffs have not yet obtained any substantive responses to their interrogatories, or any documents responsive to the majority of their document requests – apart from the documents produced by four of the U.S.-based Defendants to the DOJ for the 2001-2004 time period. Plaintiffs have also not conducted depositions of Defendants other than the limited 30(b)(6) pricing depositions described above.

On April 15, 2011, Plaintiffs served Rule 30(b)(6) deposition notices on the Samsung and Toshiba Defendants seeking depositions and documents. To date, Samsung and Toshiba have neither produced any documents nor any witnesses. Plaintiffs' counsel has met and conferred in-person with counsel for Samsung, and will do so with Toshiba very soon. Plaintiffs anticipate that Judge Spero's involvement will be required with respect to the deposition notice.

Defendants have consistently maintained the position that discovery should be phased, with non-class or merits discovery deferred until resolution of the Plaintiffs' class certification motion. See e.g., Dkt. No. 676 at 9:9-11 ("Defendants engaged in discussions with Plaintiffs to propose

1  streamlining discovery and pursue discovery in phases, with discovery relating to class
2  certification occurring first and, if necessary, discovery relating to other issues to occur thereafter.
3  . . . . During the course of two hearings on discovery before Judge Spero, to whom this Court
4  referred all discovery matters, Judge Spero endorsed the concept of approaching discovery in a
5  phased manner."). Now that such a phased discovery plan has effectively been followed,
6  Defendants should not now be permitted to demand discovery deadlines that are not only
7  inconsistent with their prior position, but impractical, unfair and prejudicial to Plaintiffs. *See*
8  §17.a., *infra*.

9  As discussed in Section 4, above, the pendency of Plaintiffs' Rule 23(f) petition in the Ninth
10 Circuit may impact discovery in this case. If the petition is denied and Plaintiffs move forward
11 with a revised motion to certify more narrowly-defined classes, Plaintiffs anticipate that they will
12 need to obtain additional, targeted discovery related to a revised motion to certify. For example,
13 Plaintiffs could move to certify certain purchasers of a small set of specific finished products
14 containing NAND flash memory, and would need the appropriate discovery related to such
15 proposed classes.

16       b.    Defendants' Statement

17 During the course of two hearings on discovery before Judge Spero, to whom the Court
18 referred all discovery matters, Judge Spero endorsed the concept of approaching discovery in a
19 phased manner. In particular, Judge Spero ordered that certain identified discovery relating to
20 class certification be completed by specified dates, and ordered production of documents relating
21 to the grand jury proceedings. Defendants fully complied with these orders.

22 Regarding discovery relating to issues other than class certification, Judge Spero ordered
23 the parties to meet and confer prior to the hearing on class certification as to the scope and timing
24 of such discovery. Defendants complied with this order. Following the conclusion of the parties'
25 meet-and-confer discussions in late 2009, Plaintiffs did not undertake any further efforts to meet
26 and confer with Defendants or otherwise seek discovery to prosecute their claims until April 15,
27 2011. On that date, Plaintiffs served Rule 30(b)(6) deposition notices on two defendants,
28

Samsung and Toshiba. Defendants timely responded to the deposition notices and have complied with their meet and confer obligations. No other discovery has been sought by Plaintiffs.

**9.    Class Actions**

    a.    Plaintiffs' Statement

On April 20, 2011, Plaintiffs filed a Rule 23(f) petition with the Ninth Circuit for permission to appeal the Court's denial of class certification. Plaintiffs anticipate that the Ninth Circuit will rule on the petition before the end of July. If granted, Plaintiffs intend to move for a stay of these proceedings during the pendency of the appeal. Alternatively, if the petition is denied, Plaintiffs may seek to file a revised motion for certification of more narrowly-defined classes. Such a renewed motion for class certification would endeavor to address issues raised by the Court in its order denying class certification by pursuing a significantly narrowed class definition involving limited products, channels and markets. For example, Plaintiffs could move to certify a class of certain purchasers of a small set of specific finished products containing NAND flash memory.

    b.    Defendants' Statement

Defendants respectfully submit that a renewed or revised motion for class certification (a concept raised by Plaintiffs for the first time in this June 2011 filing) is not timely, warranted, or proper.

First, pursuant to the Court's Minute Order on May 20, 2009, Plaintiffs were required to file any certification motions by July 2009. Thus, the deadline for filing certification motions passed long ago.

Second, in its March 31, 2010 Order, the Court found class certification inappropriate under Rule 23(b)(2) and Rule 23(b)(3) for numerous reasons that cannot be cured by further briefing. These reasons included but are not limited to: (a) Plaintiffs failed to show that there was a threat of continuing or future injury; (b) Plaintiffs did not show that the primary relief sought was declaratory or injunctive; (c) Plaintiffs did not show that an antitrust impact on direct purchasers could be made on a common, formulaic basis; (d) Plaintiffs did not show that the

1 alleged over-charge passed through by the direct purchaser could be established on a common, formulaic basis.

Third, on April 29, 2010, Plaintiffs filed a motion for reconsideration of the Court's March 31, 2010 Order denying class certification, taking issue with many of the above findings. The Court denied Plaintiffs' motion for reconsideration by order dated March 31, 2011. There is no basis for Plaintiffs to file a second motion for reconsideration, styled as "a revised motion for certification of more narrowly-defined classes."

Finally, this case has been pending for over four years, and Plaintiffs have done little to prosecute this action beyond their certification-related motions. Defendants respectfully request that the Court not entertain further certification-related motions, but rather close fact discovery and set the case for trial following the Ninth Circuit's ruling on the 23(f) petition.

**10.   Related Cases**

The parties are not aware of any case that is related within the meaning of Civil Local Rule 3-12(a).

**11.   Relief**

   a.   Plaintiffs' Statement

Plaintiffs seek money damages, including treble damages, for alleged violations of the antitrust laws and injunctive relief against alleged continued illegal practices, and such other equitable relief (including but not limited to disgorgement or restitution; *see United States v. Keyspan Corp.*, No. 10-Civ.-1415, 2011 U.S. Dist. LEXIS 12889, 2011-1 Trade Cas. (CCH) ¶77,320 (S.D.N.Y. Feb. 2, 2011)) as appropriate.

   b.   Defendants' Statement

Defendants deny that Plaintiffs are entitled to relief.

12. **Settlement and ADR**

    a.    Joint Statement

Pursuant to the Court's order, on May 13, 2011 the parties participated in a settlement conference facilitated by Magistrate Judge Bernard Zimmerman. No settlement was reached.

    b.    Plaintiffs' Statement

Plaintiffs remain amenable to participating in settlement discussions.

    c.    Defendants' Statement

Settlement discussions have thus far been unsuccessful. Defendants remain willing to discuss reasonable settlements of the remaining individual claims.

13. **Consent to Magistrate Judge For All Purposes**

The parties have not so consented.

14. **Other References**

On May 20, 2009, this Court referred all discovery matters to Judge Spero.

15. **Narrowing of Issues**

    a.    Plaintiffs' Statement

The Ninth Circuit's ruling on the pending Rule 23(f) petition, which is anticipated by the end of July, should serve to help narrow the issues in the case. If the petition is denied, Plaintiffs may seek to file a revised motion for certification of more narrowly-defined classes.

    b.    Defendants' Statement

On March 31, 2010, The Court dismissed former indirect purchaser plaintiff Christopher Bessette's claims with prejudice (Dkt. No. 707). During the class certification phase, 12 of the 36 remaining plaintiffs stated that they wished to withdraw from this action. The parties have exchanged a stipulation dismissing these plaintiffs' claims with prejudice and expect to file it with the Court shortly.

If the parties are able to stipulate to dismissal of the claims of the 12 plaintiffs who have stated their wish to withdraw, 24 plaintiffs would remain before the Court. Of these 24, at least 16 plaintiffs have claims that Defendants believe are vulnerable to dismissal on grounds including

1  (a) inadequate documentation regarding any alleged purchase; or (b) their admission in deposition
2  that they did not purchase a product within the scope of this action.
3  　　　　Additionally, as set forth in greater detail in Section 17, Defendants believe that the
4  remaining federal claim is subject to summary judgment and that the state-law claims should be
5  dismissed pursuant to 28 U.S.C. § 1367.
6  **16.　　Expedited Schedule**
7  　　　　a.　　Plaintiffs' Statement
8  　　　　In light of the pending Rule 23(f) petition, and the fact that the scope of claims and issues
9  remains in flux, Plaintiffs do not believe this matter is amenable to an expedited schedule.
10 　　　　b.　　Defendants' Statement
11 　　　　As set forth below in Section 17, Defendants believe that this case can be resolved prior to
12 September 2011 by a motion for summary judgment of the only federal claim and a motion to
13 dismiss the state-law claims under 28 U.S.C. § 1367.
14
15 **17.　　Scheduling and Trial**
16 　　　　a.　　Plaintiffs' Statement
17 　　　　Following the Case Management Conference on April 6, 2011, the Court requested that the
18 parties provide scheduling suggestions. Plaintiffs respectfully submit that a trial date in or before
19 September 2011 is impractical, unfair, and prejudicial, particularly given the fact that there has
20 never been a Rule 16 scheduling order in this case. The most efficient course is to defer setting a
21 definitive schedule for the completion of fact and expert discovery, dispositive motions and trial
22 until after the Ninth Circuit rules on Plaintiffs' Rule 23(f) petition.
23 　　　　Plaintiffs' class certification motion – originally filed in July 2009 – was resolved by this
24 Court upon its denial of the motion for reconsideration at the end of March 2011, and is now the
25 subject of Plaintiffs' Rule 23(f) petition to the Ninth Circuit. During this time period, the scope of
26 claims and issues in this case remains in flux, and Defendants have effectively stonewalled in
27 response to all discovery requests. As a result, essentially no merits discovery has occurred, and
28

1 while Plaintiffs have attempted to re-start merits discovery, Defendants have so far refused to
2 provide any and a motion to compel before Judge Spero will be necessary.

3     Plaintiffs also note that no scheduling order has been issued in this case pursuant to
4 Fed.Rule Civ. Proc. 16(b) previously setting deadlines for the close of fact and expert discovery,
5 dispositive motions or trial. As previously mentioned, in the event that the Ninth Circuit grants
6 the Rule 23(f) petition, Plaintiffs will move for a formal stay of these proceedings during the
7 pendency of the appeal. If the Ninth Circuit denies the petition, then Plaintiffs propose that the
8 Court hold a further case management conference within 30 days of said denial. Alternatively,
9 Plaintiffs propose following schedule. This schedule assumes that the Ninth Circuit denies the
10 petition by the end of July 2011, and that the full-blown merits discovery may commence
11 following that ruling.

| Event | Date |
|---|---|
| Last day to file narrowed motion for class certification | September 29, 2011 |
| Close of fact discovery | February 17, 2012 |
| Service of opening expert reports | March 19, 2012 |
| Service of opposition expert reports | April 20, 2012 |
| Service of reply expert reports | May 21, 2012 |
| Last day to file dispositive motions | June 7, 2012 |
| Close of expert discovery | June 21, 2012 |
| Last day to file oppositions to dispositive motions | July 12, 2012 |
| Last day to file reply briefs in support of dispositive motions | July 26, 2012 |
| Last day for hearing dispositive motions | August 23, 2012 |
| Pretrial conference | November 15, 2012 |
| Trial begins | January 14, 2013 |

b. Defendants' Statement

Given that this case has been pending for over four years, Defendants respectfully submit that Plaintiffs have had ample opportunity to pursue discovery and that discovery should now close.

Further, Defendants believe that the remaining individual claims may be disposed of on a combined motion for summary judgment and motion to dismiss under 28 U.S.C. § 1367 based on the following grounds: (1) there is no evidence of continuing or recurring conduct relating to an ongoing conspiracy that could support a request for injunctive relief; Defendants are thus entitled to judgment in their favor on the sole remaining federal claim, which seeks injunctive relief under the Sherman Act; (2) given that there is no independent basis for federal jurisdiction over the remaining state-law claims (they do not meet the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332), Plaintiffs' state-law claims should be dismissed pursuant to 28 U.S.C. § 1367.

Given the small value of plaintiffs' claims, and in the interests of judicial economy, Defendants have not yet filed a motion for summary judgment or motion for dismissal of the state-law claims in the hope that this case could be resolved informally. Because settlement discussions have thus far been unsuccessful, Defendants are prepared to file the above-described motion following the Case Management Conference and request leave to have a specially set hearing date for their summary judgment/dismissal motion prior to September 2011.

Defendants believe that the summary judgment/dismissal motion described above will dispose of the case. In the event that trial is necessary, Defendants request that the trial date be triggered by the Ninth Circuit's ruling on the 23(f) petition. Specifically, in the event that the petition is denied, Defendants request that the Court set the case for trial within two months of the Ninth Circuit's ruling. In the event that the petition is granted (meaning that the Ninth Circuit would undertake interlocutory review of the Court's denial of class certification), Defendants request that the Court set the case for trial within two months of an affirmance on appeal, or that the Court set a status and scheduling conference within two months of any other ruling on appeal.

18. **Disclosure of Non-Party Interested Entities or Persons**

The parties are in compliance with the Court's rules.

19. **Other Matters**

None.

Dated: June 13, 2011                    Respectfully submitted,

By: /s/
Francis O. Scarpulla
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:   (415) 693-0770


By: /s/
Joseph W. Cotchett
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:   (650) 697-6000
Facsimile:   (650) 697-0577

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs*

By: /s/
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

*Counsel for Hynix Semiconductor America Inc. and Hynix Semiconductor Inc.*

By: /s/
Daniel M. Wall
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-1256
Telephone:    (415) 391-0600
Facsimile:    (415) 395-8095

Belinda S Lee
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone:    (213) 485-1234
Facsimile:    (213) 891-8763

*Counsel for Toshiba Corporation and Toshiba America Electronic Components, Inc.*


By:    /s/
Matthew Jacobs
VINSON & ELKINS LLP
525 University Avenue, Suite 410
Palo Alto, CA 94301-1918
Telephone:    (650) 687-8214
Facsimile:    (650) 618-2666

Craig P. Seebald
VINSON & ELKINS LLP
2200 Pennsylvania Ave., NW
Washington, D.C. 20037
Telephone:    (202) 639-6585
Facsimile:    (202) 879-8995
Counsel for Defendants Renesas Electronics Corporation,
        Renesas Electronics America Inc.
        and Hitachi, Ltd.


By:    /s/
Harold A. Barza
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

*Counsel for Defendants Samsung Electronics
    Co., Ltd. and Samsung Semiconductor, Inc.*

|   |   |
|---|---|
| 1 | By:   /s/_____ |
| 2 | Donn P. Pickett<br>Frank M. Hinman |
| 3 | BINGHAM MCCUTCHEN LLP<br>Three Embarcadero Center |
| 4 | San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000 |
|   | Facsimile: (415) 393 2286 |

Richard S. Taffet
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000
Facsimile: (212) 752-5378

*Counsel for Defendant SanDisk Corporation*

## ATTESTATION OF FILING

Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I, Steven N. Williams, hereby attest that concurrence in the filing of this document has been obtained from the individuals from whom I have provided the conformed signatures above.

Dated: June 13, 2011                    *s/ Steven N. Williams*