FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
PATRICK B. CLAYTON (240191)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
*fscarpulla@zelle.com*

JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577
*jcotchett@cpmlegal.com*

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE FLASH MEMORY ANTITRUST LITIGATION | Master File No. C-07-00086-SBA |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT-PURCHASER PLAINTIFFS' REQUEST TO RE-OPEN CASE AND SCHEDULE FURTHER CASE MANAGEMENT CONFERENCE**<br><br>**Hon. Saundra Brown Armstrong** |

Pursuant to the Court's Order Administratively Closing Action (D.E. 753), Plaintiffs request that this matter be reopened as an active civil matter and that a further Case Management Conference be scheduled.  In support of this request, Plaintiffs state:

1. On June 24, 2011, the Court ordered that this action be administratively closed and held in abeyance pending further order of the Court, in light of Plaintiffs' petition to the United States Court of Appeals for the Ninth Circuit for permission to appeal the Court's order denying class certification.  *See* D.E. 753.  The Court further ordered that, "[i]f the petition is denied, any party may request that the matter be reopened as an active civil matter and that a further Case Management Conference be scheduled." *Id*.

2. On June 28, 2011, the Ninth Circuit entered an order denying Plaintiffs' Fed. R. Civ. P. 23(f) petition.  *See* D.E. 752.

3. On August 24, 2011 the Ninth Circuit entered an order denying Plaintiffs' petition for rehearing en banc.  *See* D.E. 754.

4. The time for further appeal of the Court's order denying class certification has now passed.

Plaintiffs respectfully request that a further Case Management Conference be scheduled, and suggest setting a conference in mid-January 2012.  For purposes of this request, Plaintiffs advise the Court that they wish to address the following topics in a Case Management Conference ("CMC"):

1. Setting a schedule for completion of discovery, including limited discovery related to a more narrowly-tailored motion for class certification.  The U.S.-based Defendants have provided very limited discovery, and the foreign Defendants have provided virtually no discovery to date in the case.  *See* D.E. 748, §8 (CMC statement summarizing status of discovery in the case).  Additionally, no scheduling order required by Federal Rule of Civil Procedure 16(b) has ever been issued in this case.  Inasmuch as the Court issued no deadlines regarding the completion of fact or expert discovery, motion practice or trial, the parties should present the Court with proposed schedules at the CMC in 2012.

2. Setting a schedule for any revised motions seeking certification of more narrowly-defined classes.  *Accord*, *e.g.*, *In re Initial Public Offering Sec. Litig.*, 483 F.3d 70, 73 (2nd Cir.

2006) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial."); *Barr-Rhoderick v. Bd. of Education*, No. CIV 04-0327, 2005 U.S. Dist. LEXIS 43691 at *51 (D.N.M. Sept. 30, 2005); *Meyers ex rel. Meyers v. Bd. of Education*, 905 F.Supp. 1544, 1578 (D. Utah 1995); *Kamerman v. Steinberg*, 123 F.R.D. 66, 69-70 (S.D.N.Y. 1988).  Such a renewed motion for class certification would endeavor to address issues raised by the Court in its order denying class certification by pursuing a significantly narrowed class definition involving limited products, channels and/or markets.  For example, Plaintiffs could move to certify a class of certain purchasers of a smaller set of specific finished products containing NAND flash memory.

Pursuant to Civil Local Rule 16-10(d) and the Court's Standing Orders, the parties would be required to file a joint Case Management Conference Statement that addresses changes in the case since the last Case Management Conference Statement (D.E. 748) and the parties' proposals for the remainder of the case.

Dated:  December 19, 2011                           Respectfully submitted,


                                                */s/ Francis O. Scarpulla*
                                                Francis O. Scarpulla

FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
PATRICK B. CLAYTON (240191)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770
*fscarpulla@zelle.com*

| | |
|---|---|
| Dated: December 19, 2011 | */s/ Joseph W. Cotchett*<br>Joseph W. Cotchett |

JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577
*jcotchett@cpmlegal.com*

*Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs and Class Members*

## ATTESTATION

Pursuant to General Order No. 45, § X(B), regarding signatures, I attest that I have obtained the concurrence in the filing of this document from all signatories.

| | |
|---|---|
| Dated: December 19, 2011 | */s/ Francis O. Scarpulla*<br>Francis O. Scarpulla |

#3226416

---

3
INDIRECT-PURCHASER PLAINTIFFS' REQUEST TO RE-OPEN CASE AND SCHEDULE FURTHER CASE MANAGEMENT CONFERENCE – MASTER NO. C-07-00086-SBA