*Counsel Listed on Signature Block*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE FLASH MEMORY ANTITRUST LITIGATION | CASE NO. C07-0086 SBA |
| | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| This Document Relates To: | Date: February 29, 2012 |
| INDIRECT PURCHASER ACTIONS | Time: 3:30 p.m. |
| | Courtroom: Telephonic – (510) 637-3559 |
| | Hon. Saundra Brown Armstrong |

Pursuant to the Federal Rules of Civil Procedure, the Court's Standing Order and the Standing Order for All Judges of the Northern District of California, and the Court's January 3, 2012 Order Setting Case Management Conference (Dkt. No. 756), Indirect Purchaser Plaintiffs ("Plaintiffs") and Defendants hereby submit this Joint Case Management Conference Statement in advance of the telephonic Case Management Conference on February 29, 2012.

**1.     Jurisdiction and Service**

   a.     Subject Matter Jurisdiction

      i.     Plaintiffs' Statement

Plaintiffs allege price-fixing and other anticompetitive conduct in the market for NAND flash memory. Plaintiffs bring claims under the California Cartwright Act, Cal. Bus. & Prof. Code § 16720 *et seq*., the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., and similar laws of the various states, as well as under Section 1 of the Sherman Act, 15 U.S.C. § 1 for injunctive relief. The Court has jurisdiction over Plaintiffs' claim for injunctive relief pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, under 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and 28 U.S.C. § 1332. The Court also has jurisdiction over the state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1711 to 1715.

      ii.     Defendants' Statement

Defendants may contest this Court's subject matter jurisdiction, including whether and the extent to which the Foreign Trade Antitrust Improvements Act ("FTAIA") limits Plaintiffs' claims.

   b.     Personal Jurisdiction

The parties agree that there are no personal jurisdiction issues for any Defendants.

   c.     Service

The parties agree that all Defendants have been served or their respective counsel have stipulated to accept service on their behalf.

**2.   Facts**

    a.   <u>Plaintiffs' Statement</u>

These actions arise from an alleged conspiracy to fix the prices of NAND flash memory, a form of electronic memory that may be erased and reprogrammed. NAND flash memory is used for easy and fast information storage. NAND flash memory is used as a stand-alone product (such as removable memory cards for digital cameras and computers) as well as a component of computer, consumer electronics and other electronics products (such as personal computers, digital media players, mobile phones, and video game consoles). Defendants are foreign and domestic manufacturers and their affiliated companies.

Plaintiffs allege that Defendants' price-fixing conspiracy began in approximately January of 1999 and is continuing to the present. The conspiracy has been carried out through agreements to fix prices and restrict output and has been facilitated by a variety of means as alleged in the consolidated amended complaint.

Defendants SanDisk, Toshiba, Samsung, and Renesas (the joint venture of Hitachi and Mitsubishi), have acknowledged receiving grand jury subpoenas in connection with the Department of Justice's ("DOJ") investigation of price-fixing in the NAND flash memory industry.

    b.   <u>Defendants' Statement</u>

This case was first filed in January 2007. Plaintiffs' Consolidated Amended Complaint relies heavily on allegations that certain of the Defendants had acknowledged receiving grand jury subpoenas in connection with the investigation by the Department of Justice ("DOJ") of price-fixing in the NAND flash memory industry. On or about July 23, 2009, the DOJ closed its investigation into the NAND flash memory industry. No charges were ever brought against any company or individual, and no guilty pleas were ever entered. Similarly, the Direct Purchaser Plaintiffs' lawsuit, which had been pending in tandem with this case, was voluntarily dismissed with prejudice.

Defendants deny Plaintiffs' allegations of any antitrust conspiracy or other wrongdoing.

3. **Legal Issues**

    a. <u>Plaintiffs' Statement</u>

The primary issues are:

        i. Whether classes of persons and entities who purchased NAND flash memory indirectly from Defendants should be certified and whether Plaintiffs adequately represent those classes;

        ii. Whether Defendants engaged in a contract, combination or conspiracy to fix, maintain or stabilize the prices of, and/or allocate the markets for, NAND flash memory in the United States;

        iii. Whether the conduct of Defendants that is allegedly unlawful under the Sherman Act and the various state antitrust and unfair competition laws caused prices of NAND flash memory in the United States to be artificially high and at anti-competitive levels; and

        iv. Whether Plaintiffs and other members of the classes alleged by Plaintiffs were injured by the alleged unlawful conduct of Defendants and, if so, the appropriate class-wide measure of damages.

    b. <u>Defendants' Statement</u>

Defendants respectfully suggest that the legal issues include, but are not limited to:

        i. Whether Defendants are entitled to judgment in their favor on Plaintiffs' claim for injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, for alleged violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

        ii. The extent to which Plaintiffs' claims are subject to dismissal under the Foreign Trade Antitrust Improvements Act;

        iii. Whether Plaintiffs have standing to assert their claims and/or whether certain Plaintiffs' claims should be dismissed due to lack of adequate proof of relevant purchases or damages;

|   |   |   |
|---|---|---|
| iv. | Whether Defendants engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize the prices of, and/or allocate the markets for, "flash memory" in the United States; |
| v. | Whether "flash memory" constitutes a single relevant market and, if not, whether there is a sufficient product market definition; |
| vi. | Whether the conduct of Defendants that is allegedly unlawful under the applicable laws caused prices of "flash memory" in the United States to be supracompetitive; |
| vii. | Whether the alleged unlawful conduct of Defendants resulted in injury to Plaintiffs and, if so, the appropriate measure of damage; and |
| viii. | Whether certain of Plaintiffs' state law claims fail for a variety of reasons. |

**4.     Motions**

    a.     <u>Plaintiffs' Statement</u>

On April 20, 2011, Plaintiffs filed a Rule 23(f) petition with the Ninth Circuit for permission to appeal the Court's denial of class certification. On June 24, 2011, this Court ordered that this action be administratively closed and held in abeyance pending further order of the Court, in light of Plaintiffs' petition to the United States Court of Appeals for the Ninth Circuit for permission to appeal the Court's order denying class certification. *See* D.E. 753. The Court further ordered that, "[i]f the petition is denied, any party may request that the matter be reopened as an active civil matter and that a further Case Management Conference be scheduled." *Id*.

On June 28, 2011, the Ninth Circuit entered an order denying Plaintiffs' Fed. R. Civ. P. 23(f) petition. *See* D.E. 752. On August 24, 2011 the Ninth Circuit entered an order denying Plaintiffs' petition for rehearing en banc. *See* D.E. 754. The time for further appeal of the Court's order denying class certification has now passed.

Separately, Plaintiffs may need to file motions to compel related to outstanding discovery issues. These discovery-related issues are discussed further in section 8 below.

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA

A/74772448.1

b.  Defendants' Statement

Plaintiffs' indication that they intend to file a renewed motion for class certification flatly ignores the Court's statement during the June 23, 2011 Case Management Conference that it was "unwilling to hear another motion for class certification." Plaintiffs first raised this issue in the parties' June 13, 2011 Case Management Conference Statement, and the Court's direction during the telephonic conference was clear and unequivocal.

Indeed, as Defendants set forth in their previous CMC Statement, a renewed or revised motion for class certification is not timely, warranted, or proper. First, pursuant to the Court's Minute Order on May 20, 2009, Plaintiffs were required to file any certification motions by July 2009. Thus, the deadline for filing certification motions passed long ago.

Second, in its March 31, 2010 Order, the Court found class certification inappropriate under Rule 23(b)(2) and Rule 23(b)(3) for numerous reasons that cannot be cured by further briefing. These reasons included but are not limited to: (a) Plaintiffs failed to show that there was a threat of continuing or future injury; (b) Plaintiffs did not show that the primary relief sought was declaratory or injunctive; (c) Plaintiffs did not show that an antitrust impact on direct purchasers could be made on a common, formulaic basis; (d) Plaintiffs did not show that the alleged over-charge passed through by the direct purchaser could be established on a common, formulaic basis.

Third, on April 29, 2010, Plaintiffs filed a motion for reconsideration of the Court's March 31, 2010 Order denying class certification, taking issue with many of the above findings. The Court denied Plaintiffs' motion for reconsideration by order dated March 31, 2011. There is no basis for Plaintiffs to file a second motion for reconsideration, styled as "a revised motion for certification of more narrowly-defined classes."

Finally, this case has been pending for over five years, and Plaintiffs have done little to prosecute this action beyond their certification-related motions. Defendants respectfully request that the Court not entertain further certification-related motions, but rather close fact discovery and set the case for trial.

Separately, Defendants may file a motion for summary judgment on the grounds that there is no evidence of continuing or recurring conduct relating to an ongoing conspiracy that could support a request for injunctive relief; Defendants are thus entitled to judgment in their favor on the sole remaining federal claim, which seeks injunctive relief.  Defendants may also seek dismissal of certain individual plaintiffs on the grounds that the plaintiffs:  (a) sought to withdraw from the case and have failed to prosecute their claims; (b) have inadequate documentation regarding any alleged purchase; or (c) admitted in deposition that they did not purchase a product within the scope of this action.

**5.     Amendment of Pleadings**

The parties are conferring on a stipulation for the dismissal of certain named plaintiffs. The parties do not anticipate any further motions for leave to amend.

**6.     Evidence Preservation**

The parties and the Court discussed evidence preservation at the initial case management conference in this action, and the parties agreed upon the terms of a preservation order.  The Court entered the stipulated preservation order on April 22, 2008.

**7.     Disclosures**

The parties have served their respective initial disclosures.

**8.     Discovery**

a.     Plaintiffs' Statement

To date, discovery from Defendants has been largely limited to productions by only the U.S. Defendants for only part of the alleged class period, with the foreign Defendants providing virtually no discovery.  Discovery from Defendants has consisted of the following:

       i.     production of copies of documents that the U.S.-based Samsung, Toshiba, Renesas and SanDisk Defendants previously produced to the Department of Justice ("DOJ") relating to NAND flash and which cover the 2001-2004 time period (Hynix did not make any production of documents to the DOJ);

    ii.  production of NAND flash transactional data for U.S. sales, and aggregate data for non-U.S. sales, both of which cover the 1997-2008 time period;

    iii.  production of sales contracts, as well as some part decoders, product descriptions, and/or cross-reference guides used to analyze transactional data, also for the 1997-2008 time period; and

    iv.  narrowly-tailored 30(b)(6) depositions of the U.S.-based Defendants regarding their respective NAND flash pricing practices.

Defendants have made some productions of documents relating to class certification issues, but that discovery was not completed. To date, discovery from Plaintiffs has been limited to: (1) initial disclosures and written discovery responses; and, (2) depositions of named plaintiffs.

Also, some Third Parties have made productions of transactional data regarding their purchase, use, and/or resale of NAND flash and/or NAND flash products.

Plaintiffs have not yet obtained any substantive responses to their interrogatories, or any documents responsive to the majority of their document requests – apart from the documents produced by four of the U.S.-based Defendants to the DOJ for the 2001-2004 time period. Plaintiffs have also not conducted depositions of Defendants other than the limited 30(b)(6) pricing depositions described above.

On April 15, 2011, Plaintiffs served Rule 30(b)(6) deposition notices on the Samsung and Toshiba Defendants seeking depositions and documents. Neither Samsung nor Toshiba produced any documents or witnesses. Plaintiffs' counsel has met and conferred in-person with counsel for Samsung, but has not yet done so with Toshiba. Plaintiffs anticipate that Judge Spero's involvement will be required with respect to the deposition notice.

During the time that this Court ordered that this case be inactive and during the time that appellate review was sought, Plaintiffs did not pursue motion practice concerning outstanding discovery issues because to do so would have been wasteful given the procedural status. In fact, one of the defendants explicitly agreed that this was the appropriate course in light of the case status. While Defendants have constantly sought to avoid providing any discovery, and in fact

1 have produced very little discovery to date in this case, it is now time to require that appropriate,
2 targeted and focused discovery be completed to avoid unduly prejudicing the Plaintiffs.

3       In light of the Ninth Circuit's denial of permissive review of the Court's class certification
4 order, Plaintiffs intend to move forward with a revised motion to certify more narrowly-defined
5 classes. Plaintiffs will need to obtain additional, targeted discovery related to a revised motion to
6 certify. For example, Plaintiffs could move to certify certain purchasers of a small set of specific
7 finished products containing NAND flash memory, and would need the appropriate discovery
8 related to such proposed classes.

9       b.     <u>Defendants' Statement</u>

10       There has never been any order staying discovery in this case. During the course of two
11 hearings on discovery before Judge Spero, to whom the Court referred all discovery matters, Judge
12 Spero ordered discovery to take place in a phased manner – with certain discovery exchanged on
13 an "expedited" basis in advance of class certification briefing, including production of documents
14 relating to the grand jury proceedings. Defendants fully complied with these orders.

15       Judge Spero also ordered the parties to meet and confer prior to the hearing on class
16 certification regarding all other pending discovery. Defendants complied with this order, and the
17 parties participated in meet-and-confer discussions through October-November 2009. However,
18 following the meet and confers in 2009, Plaintiffs did not undertake any further efforts to seek
19 discovery to prosecute their claims for nearly **18 months**. During that time, Plaintiffs sought
20 reconsideration of the Court's order denying class certification, and later filed two petitions with
21 the Ninth Circuit seeking review of that order—but never sought to pursue discovery from the
22 Defendants, instead opting to wait and see the value of their case.

23       On April 15, 2011, prior to a Court-ordered settlement conference, Plaintiffs served Rule
24 30(b)(6) deposition notices on two defendants, Samsung and Toshiba. Defendants timely
25 responded to the deposition notices and complied with their meet and confer obligations.
26 Plaintiffs thereafter failed to pursue this—or any other—discovery until the Court entered an
27 Order Administrative Closing Action on June 29, 2011 (Dkt. 753), pending the Ninth Circuit's
28

ruling on Plaintiffs' Rule 23(f) Petition.  The Ninth Circuit denied Plaintiffs' Rule 23(f) Petition, as well as their Petition for Rehearing *En Banc*, and closed the appeal on August 24, 2011.  Nevertheless, Plaintiffs again made no effort to reopen this case for nearly **four more months**—until December 19, 2011 (Dkt. 755).

It is plain that any discovery which Plaintiffs now purport to need is driven solely by their attempt to obtain settlement leverage from the remaining Samsung and Toshiba defendants, on behalf of a non-existent class.  There are twenty-three individual Plaintiffs in this action, each of whom purports to seek damages, based on a "pass-through" theory, in connection with their purchase of one of three types of products containing NAND flash memory as a component:  (1) memory cards, (2) USB drives, and (3) MP3 players.  Accordingly, even assuming these Plaintiffs *could* prove liability and pass-through damages, and even assuming any such damages were trebled, the value of this case does not exceed a few thousand dollars—at the upper most limit.

The bottom line is that the value of the claims in this case simply do not justify further discovery—particularly discovery of defendants located in foreign countries, and when Plaintiffs have failed to prosecute this case in the over five years it has been pending.  As a result, Defendants intend to move for a protective order in connection with any future discovery which Plaintiffs may seek.  Rule 26 imposes limitations on the scope of discovery, including a "proportionality requirement," and states:  "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: … (ii) the party seeking discovery has had ample opportunity to obtain the information through discovery in the action; or (iii) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, ***the amount in controversy***, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues."  Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Finally, limiting further discovery is consistent with the Court's statements during the June 23, 2011 Case Management Conference.  The Court expressly noted—through its clerk—that the

1  case has been pending for over four years (now 5 years), the parties have had "ample opportunity"
2  to take discovery, and the Court was "not willing to extend discovery" for a long period of time.

3  **9.     Class Actions**

4      a.     Plaintiffs' Statement

5      As set forth above, Plaintiffs intend to file a revised motion for certification of more
6  narrowly-defined classes.  *Accord*, *e.g.*, *In re Initial Public Offering Sec. Litig.*, 483 F.3d 70, 73
7  (2nd Cir. 2006) ("District courts have ample discretion to consider (or to decline to consider) a
8  revised class certification motion after an initial denial."); *Barr-Rhoderick v. Bd. of Education*, No.
9  CIV 04-0327, 2005 U.S. Dist. LEXIS 43691 at *51 (D.N.M. Sept. 30, 2005); *Meyers ex rel.*
10 *Meyers v. Bd. of Education*, 905 F.Supp. 1544, 1578 (D. Utah 1995); *Kamerman v. Steinberg*, 123
11 F.R.D. 66, 69-70 (S.D.N.Y. 1988).  Such a renewed motion for class certification would endeavor
12 to address issues raised by the Court in its order denying class certification by pursuing a
13 significantly narrowed class definition involving limited products, channels and/or markets.  For
14 example, Plaintiffs could move to certify a class of certain purchasers of a smaller set of specific
15 finished products containing NAND flash memory.

16     Notably, since this Court addressed class certification last, Samsung has filed an antitrust
17 action against Panasonic Corporation, Panasonic Corporation of North America and SD-3C LLC
18 (an entity allegedly jointly-owned by Panasonic Toshiba and SanDisk)  alleging an illegal cartel in
19 the Secure Digital Memory Card ("SD Cards") market.[1]  As Samsung alleges, "SD Cards have
20 become the dominant flash memory card format in use in the United States and worldwide [and]
21 are widely used in mobile phones, digital cameras, and other consumer electronics products."
22 Samsung Complaint ¶1.  The primary component of SD Cards is NAND Flash.  *Id*. ¶¶31-32.
23 Samsung alleges that defendants Panasonic and SD-3C and alleged co-conspirators Toshiba and

---

[1] *See* Amended Complaint filed by Samsung on September 16, 2011 in *Samsung v. Panasonic Corp. et al.*, 10-cv-03098-JSW, U.S. District Court for the Northern District of California ("*Samsung Action*"), Docket No. 105.

SanDisk and others restrained competition in the SD Cards market (*id.* ¶¶ 8,167), and that as a result, "[c]onsumers have paid higher prices for SD Cards, and have enjoyed diminished choice and innovation, than would have been the case if SD Group members had been required to compete on an even playing field with other manufacturers" (*id.* ¶155).  While Samsung's case alleges a different conspiracy, Samsung's unambiguous allegation that consumers are harmed by anti-competitive conduct in this more narrow upstream NAND Flash market supports Plaintiffs' assertion that a more narrow class motion focused on certain NAND Flash products should be permitted.[2]

        b.       <u>Defendants' Statement</u>

As set forth above in Section 4, Plaintiffs' indication that they intend to file a renewed motion for class certification (i) flatly ignores the Court's statement during the June 23, 2011 Case Management Conference that it was "unwilling to hear another motion for class certification," and (ii) is not timely, warranted or proper.  Defendants respectfully request that the Court not entertain any further certification-related motions, but rather close fact discovery and set this five-year old case for trial.

Separately, Plaintiffs' assertion that Samsung's complaint in *Samsung v. Panasonic Corp. et al.*, 10-cv-03098-JSW (N.D. Cal), is somehow relevant to the allegations in this case is wrong for several reasons.  First, the unproven allegations of the now-dismissed complaint are of no evidentiary significance for any purpose.  Second, plaintiffs, who concede that Samsung alleged a "different conspiracy" than the one alleged here, repeatedly mischaracterize the allegations of that now-dismissed complaint.  Neither SanDisk nor Toshiba was a party in that action—which stemmed from a licensing dispute between Samsung and the patent pool SD-3C, LLC— and that

---

[2] While the court dismissed Samsung's complaint with prejudice, it did so on statute of limitations grounds, and Samsung is now appealing that decision to the Ninth Circuit Court of Appeals.  *See* Order Granting Motion to Dismiss Second Amended Complaint in *Samsung Action*, Docket No. 119; Notice of Appeal in *Samsung Action*, Docket No. 121.

complaint did not allege a conspiracy involving any of the same types of price-fixing conduct or markets alleged in this case. Those unproven, now dismissed, allegations have no bearing here.

**10.    Related Cases**

The parties are not aware of any case that is related within the meaning of Civil Local Rule 3-12(a).

**11.    Relief**

a.    Plaintiffs' Statement

Plaintiffs seek money damages, including treble damages, for alleged violations of the antitrust laws and injunctive relief against alleged continued illegal practices, and such other equitable relief (including but not limited to disgorgement or restitution; *see United States v. Keyspan Corp.*, No. 10-Civ.-1415, 2011 U.S. Dist. LEXIS 12889, 2011-1 Trade Cas. (CCH) ¶77,320 (S.D.N.Y. Feb. 2, 2011)) as appropriate.

b.    Defendants' Statement

Defendants deny that Plaintiffs are entitled to relief. To the extent Plaintiffs reach a settlement with any of the Defendants, the non-settling Defendants will also be entitled to a setoff from any potential judgment by the amounts which any Defendant may pay in settlement. Given the minimal value of the individual Plaintiff's claims, any such settlement amounts are likely to far exceed any potential judgment.

**12.    Settlement and ADR**

a.    Joint Statement

Pursuant to the Court's order, on May 13, 2011 the parties participated in a settlement conference facilitated by Magistrate Judge Bernard Zimmerman. No settlement was reached.

b.    Plaintiffs' Statement

Plaintiffs remain amenable to participating in settlement discussions, and in fact have continued to have significant discussions with some defendants, and have exchanged draft settlement agreements with Hynix, Renesas and SanDisk.

c.    Defendants' Statement

1   With respect to the Samsung and Toshiba defendants, settlement discussions have thus far
2   been unsuccessful. Both Samsung and Toshiba remain willing to discuss reasonable settlements
3   of the remaining individual claims, but continue to find unreasonable settlement demands that
4   value the case based on a class which this Court has found should not be certified. In addition,
5   given the minimal value of the individual claims at issue, the Samsung and Toshiba defendants are
6   also contemplating service of an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of
7   Civil Procedure, on each Plaintiff.

8   SanDisk, Hynix and Renesas have engaged in significant settlement discussions with
9   Plaintiffs, and have also exchanged draft settlement agreements with Plaintiffs.

10   **13.   Consent to Magistrate Judge For All Purposes**

11   The parties have not so consented.

12   **14.   Other References**

13   On May 20, 2009, this Court referred all discovery matters to Judge Spero.

14   **15.   Narrowing of Issues**

15   a.   <u>Plaintiffs' Statement</u>

16   Plaintiffs intend to file a revised motion for certification of more narrowly-defined classes.

17   b.   <u>Defendants' Statement</u>

18   In addition to reaching agreement on the stipulation for the dismissal of certain named
19   plaintiffs, Defendants may also move for dismissal of 13 additional plaintiffs who have:
20   (a) inadequate documentation regarding any alleged purchase; or (b) admitted in deposition that
21   they did not purchase a product within the scope of this action. Following dismissal of these
22   plaintiffs, only 8 plaintiffs would remain in the case. Defendants also believe that the remaining
23   federal claim may be subject to summary judgment.

24
25
26
27
28

**16.   Expedited Schedule**

   a.   Plaintiffs' Statement

   Plaintiffs do not believe this matter is amenable to an expedited schedule because discovery has not been completed.

   b.   Defendants' Statement

   Defendants believe that this case can be resolved on an expedited basis, with a short schedule for expert reports, dispositive motion briefing and trial, if necessary.

**17.   Scheduling and Trial**

   a.   Plaintiffs' Statement

   Plaintiffs believe that a schedule should be set to (1) complete remaining discovery, (2) complete class certification proceedings, and (3) conduct trial. Plaintiffs propose that remaining discovery be completed no later than **June 29, 2012**, class certification proceedings be completed by **September 28, 2012**, and trial be completed by **December 14, 2012**. To the extent that Defendants insist that fact discovery be cut off on April 20, 2012, they should agree to bring their non-resident employees and witnesses to the United States for deposition.

   b.   Defendants' Statement

   This case has been pending for over five years, and Plaintiffs have had ample opportunity to pursue discovery. Defendants respectfully submit that discovery should close in short order and request the Court set the case for a 3-5 day trial on the following schedule:

| Event | Date |
|---|---|
| Fact discovery cut-off deadline | April 20, 2012 |
| Service of opening expert reports | May 18, 2012 |
| Service of opposition expert reports | June 15, 2012 |
| Service of reply expert reports | June 30, 2012 |
| Close of expert discovery | July 13, 2012 |
| Motion cut-off deadline | September 18, 2012 |
| Pretrial filings due | October 23, 2012 |

14

| | | |
|---|---|---|
| Pretrial conference | | November 27, 2012 |
| Trial | | December 10, 2012. |

There is no basis for Plaintiffs' demand that non-resident employees and witnesses of Defendants be forced to travel to the United States for deposition, particularly since the travel costs alone would far exceed the total value of plaintiffs' claims.

**18.    Disclosure of Non-Party Interested Entities or Persons**

The parties are in compliance with the Court's rules.

**19.    Other Matters**

None.

Dated: February 22, 2012            Respectfully submitted,


By:    /s/
       Francis O. Scarpulla
       ZELLE HOFMANN VOELBEL & MASON LLP
       44 Montgomery Street, Suite 3400
       San Francisco, CA 94104
       Telephone:    (415) 693-0700
       Facsimile:    (415) 693-0770


By:    /s/
       Joseph W. Cotchett
       COTCHETT, PITRE & MCCARTHY, LLP
       San Francisco Airport Office Center
       840 Malcolm Road, Suite 200
       Burlingame, CA 94010
       Telephone:    (650) 697-6000
       Facsimile:    (650) 697-0577

       *Interim Co-Lead Counsel for Indirect-Purchaser Plaintiffs*

By:    /s/
       Michael F. Tubach
       O'MELVENY & MYERS LLP
       Two Embarcadero Center, 28th Floor
       San Francisco, CA 94111
       Telephone:    (415) 984-8700
       Facsimile:    (415) 984-8701

15

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA

A/74772448.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kenneth R. O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

*Counsel for Hynix Semiconductor America Inc. and Hynix Semiconductor Inc.*

By:   /s/
      Daniel M. Wall
      Belinda S Lee
      LATHAM & WATKINS LLP
      505 Montgomery Street, Suite 2000
      San Francisco, CA 94111-1256
      Telephone:     (415) 391-0600
      Facsimile:     (415) 395-8095

*Counsel for Toshiba Corporation and Toshiba America Electronic Components, Inc.*

By:   /s/
      Craig P. Seebald
      VINSON & ELKINS LLP
      2200 Pennsylvania Ave., NW
      Washington, DC  20037
      Telephone: (202) 639-6585
      Facsimile:  (202) 879-8995

      Matthew Jacobs
      VINSON & ELKINS LLP
      525 University Avenue, Suite 410
      Palo Alto, CA  94301-1918
      Telephone:  (650) 687-8214
      Facsimile:    (650) 618-2666

*Counsel for Defendants Renesas Electronics Corporation, Renesas Electronics America, Inc. and Hitachi, Ltd.*

16

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-0086 SBA

A/74772448.1

By: /s/
Harold A. Barza
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.*

By: /s/
Donn P. Pickett
Frank M. Hinman
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone:   (415) 393-2000
Facsimile:   (415) 393 2286

Richard S. Taffet
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Telephone:   (212) 705-7000
Facsimile:   (212) 752-5378

*Counsel for Defendant SanDisk Corporation*

### ATTESTATION OF FILING

Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I, Christopher T. Micheletti, hereby attest that concurrence in the filing of this document has been obtained from the individuals from whom I have provided the conformed signatures above.

Dated:  February 22, 2012                    /s/ *Christopher T. Micheletti*